## DRAINAGE DISTRICT NO. 4 v. WABASH RAIL-ROAD COMPANY, Appellant.

**Division One, February 25, 1909.**

1. **APPEALS: Statutory Right.** The right of appeal is one given by statute, and in order that a party may avail himself of the right conferred he must conform to the requirements of the enabling statute.

2. ————: **Drainage District: Grounds.** There are only two questions in the whole proceeding establishing a drainage district and assessing benefits that can be reviewed upon appeal to the circuit court: first, whether compensation has been allowed for property appropriated; and, second, whether proper damages have been allowed for property affected by the improvement.

3. ————: ————: **Exceptions.** Unless there was an exception filed in the county court to the amount of damages awarded to a landowner of the drainage district, he cannot on appeal to the circuit court have the jury pass on the question of the amount of damages.

4. ————: ————: ————: **Grounds Assigned.** The defendant filed in the county court three exceptions to an assessment of $1,375 benefits against it as its share of the cost of establishing a drainage district: 1st, that the assessment was excessive; 2nd, that the size of the proposed ditch was not sufficient; 3rd, that it had at great expense built a large embankment and trestle which fully protected it from overflow, and therefore it was not at all benefited by the proposed ditch. The court overruled the exceptions, made no order as to damages, but reduced the benefits to $825, and defendant filed its affidavit for an appeal, in which it specified as the grounds that the stream is a navigable river; that the benefits assessed are excessive, and the damages awarded are inadequate. *Held,* that the exceptions and specified grounds assigned do not involve either one of the

only two questions the circuit court can try, and the appeal should have been dismissed; but, as it was not dismissed, but the jury discharged, and the county court judgment affirmed, no harm came from discharging the jury or refusing to consider the whole proceeding void.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*James L. Minnis, James C. Wallace* and *Crawley & Rucker* for appellant.

Upon the record appellant maintains: 1. That the Act of March 5, 1903 (Laws 1903, p. 234), does not apply to the Chariton River. 2. That the drainage proceedings in the county court are nullities. 3. That the persons appointed as viewers were not competent to assess damages and benefits for property condemned by them, and that in so far as section 8285 undertakes to empower them to make such assessment it violates article 3 of the State Constitution. 4. That the judgment of the circuit court is void on its face.

*J. A. Collet* for respondent.

If appellant desired to challenge the action of the county court in organizing the drainage district, it should have done so at the time pointed out by the statute, and having failed to make timely objection, it will not now be heard to complain. Sec. 8283, R. S. 1899; Clark v. Brotherhood of Locomotive Firemen, 99 Mo. App. 687. It was entirely proper for the county court to conclude the organization of the drainage district under the provisions of the law as amended by the Act of 1905. State ex rel. v. Chariton Drainage District, 192 Mo. 517. The objections filed by appellant were filed under the provisions of the law as amended by the Act of 1905, which law contemplated that the objections filed at the stage of the proceedings at which

these were filed, should only go to the question of apportionments made by the viewers in relation to benefits and damages. There being no complaint as to assessment of damages, the only question raised by appellant was whether or not the assessment of benefits levied against his property was fair and just. Sec. 8292, R. S. 1899; Laws 1905, p. 185. The only issue tendered by appellant's objection filed with the county court being the question as to whether the benefits assessed against its property were fair and just, and the law making the judgment of the county court final as to the assessment of benefits, there was nothing presented to the circuit court upon appellant's appeal for determination. Sec. 8292, R. S. 1899; Laws 1905, p. 185. It is the settled rule of practice that only such questions as are tendered by the litigants in the trial court will be considered by the appellate courts on appeal. Benton Land Co. v. Zeitler, 182 Mo. 251; Dice v. Hamilton, 178 Mo. 81.

*James L. Minnis, James C. Wallace* and *Crawley & Rucker* for appellant in reply.

(1) The decisions hold that whenever the State or any municipal agency undertakes either to condemn private property or to impose a burden upon it for an alleged public use, the owner has a right to insist that every step in the proceedings shall literally comply with the requirements of the law. This rule is the same where property is merely assessed with benefits as where it is actually appropriated. St. Louis v. Koch, 169 Mo. 587; St. Louis v. Brinckwirth, 204 Mo. 280. (2) Although appellant's exceptions filed in the county court only related to the question of benefits, yet when those exceptions were overruled, its application and affidavit for appeal to the circuit court was drawn in exact conformity to the statute as it then stood (Laws 1905, p. 185, sec. 8292) "specifying therein the matters appealed from," which are the very

same matters now being urged against the county court's jurisdiction. By the terms of the act (Laws 1905, p. 186, sec. 8293), the case in the circuit court was triable "as other appeal cases are tried in the circuit court." In other words, so far as this appellant's property was involved, the whole matter in the circuit court stood for trial *de novo*. Bennett v. Hall, 184 Mo. 407; Wilhite v. Wolf, 179 Mo. 472; Seafield v. Bohne, 169 Mo. 537; Kings Lake Drainage Dist. v. Jamison, 176 Mo. 557. Before the circuit court could legally try the question of benefits to appellant's property, it was bound to determine whether or not the petition and notice were sufficient to confer jurisdiction of the subject-matter; and if not sufficient there was nothing for the circuit court to act upon. Authorities last cited. But appellant was under no obligation to raise this jurisdictional question in the county court or in the circuit court; because, lying at the very foundation of the entire proceedings, it may be raised at any time and in any court. Railroad v. Campbell, 62 Mo. 585; City of Hopkins v. Railroad, 79 Mo. 100; Kings Lake Drainage District v. Jamison, supra.

VALLIANT, J.—This is a proceeding under article IV, chapter 122, Revised Statutes 1899, and the amendments thereto, for the establishment of a drainage district and the construction of drainage ditches. The proceeding was begun by filing a petition in the county court of Chariton county May 2, 1904. On the same date the petitioners gave bond as required by the statutes to cover the cost of the proceedings. On the filing of the petition and bond the county court, in conformity to section 8280, Revised Statutes 1899; Mo. Ann. Stat. vol. 4, p. 3917, made an order which was duly entered on the record appointing viewers (as they are called in the statute) and a civil engineer, with directions to them to view and survey the route and make report to the court at its next session. It was

also at the same time ordered that notice be published as required by section 8281, Revised Statutes 1899, which was done.  Although no point is made by appellant on the sufficiency of the notice we deem it proper to note here, lest what we say of the notice might be misleading, that the order of publication was made before the filing of the report of the viewers and was in effect notice to all parties in interest that the petition was pending in the county court and that the viewers would report on the first day of July.  That was in conformity to what the statute then required; afterwards in 1905 the statute was amended requiring the notice to be published after the viewers had made their report and the notice then required was that the petition was pending, that viewers had been appointed and had made their report, descriptive of the route, and the day appointed by the court for the hearing.

The viewers and the civil engineer qualified as the statute prescribed, and entered upon their work, which they completed and filed their report July 1, 1904. The substance of the report was that having done as they were directed to do they found the proposed improvement "necessary and practicable and will be conducive to the public health, convenience or welfare," and the route given was as proposed in the petition, referring also to a map on file in court with the petition.  On filing the report the court postponed the further hearing of the matter until July 23rd, and on that day again postponed it to the August term.  At that term the court approved the report, designated the district as Drainage District No. 4 of Chariton County, ordered the construction of the work as prayed in the petition, and appointed the same men as viewers and engineers as had been appointed in the preliminary order, as provided in section 8284.  In that order the court gave a more particular description of the route, following in detail the map on file which had been made by the engineer.  The viewers made their final report to the

county court April 13, 1905, in which they assessed the Wabash Railroad Company $1,375 for benefits. On May 6, 1905, that company, the appellant herein, filed its exceptions to the report, on the grounds, first, that the assignment of benefits against it were excessive; second, the size of the proposed ditch was not sufficient; third, because of the frequent interruptions of its traffic it had theretofore suffered by reason of overflows it had at great expense built a large embankment and trestle which fully protected it from overflow and therefore it was not at all benefited by the proposed ditch. The court overruled the exceptions, but on the same day of its own motion, made an order reducing the assessment of appellant to $825. Appellant then filed an affidavit for appeal to the circuit court and it was allowed. The county court entered final judgment approving the final report of the viewers as awarded and carrying the scheme into effect.

After the cause was lodged in the circuit court it came on for trial September, 1905, whereupon a jury was empannelled to try the issues. The judgment of the court contains a recital that the plaintiff introduced in evidence the record of the county court in relation to the matter "together with all original papers and documents pertaining thereto together with further evidence and thereupon the plaintiff rested its case. Whereupon the defendant made certain proffers of testimony to the court and jury, which on objection was by the court excluded and the court having excluded all the evidence offered by the defendant because not pertinent to be considered on this appeal and not being within the limitations of the statutes governing appeals and having no further evidence to offer within the purview of the appeal, the plaintiff moved the court to discharge the jury and affirm the judgment of the county court which motion is by the court sustained. Wherefore," etc.

From that judgment the defendant, the Wabash Company, has appealed to this court. The record shows that there was a bill of exceptions filed, but the bill does not appear in this record, and was intentionally omitted by appellant for the reason as stated in its brief "no point is made here as to any matter of exception, since the abstract presents nothing but the record proper."

I. Although the appellant was duly notified of the pendency of this proceeding yet it took no part in it until after the final report of the viewers and then it complained only of the benefit assessment against it. The county court overruled the exceptions but reduced the assessment from $1,375 to $825, then appellant appealed.

A right of appeal is one given by statute and in order that a party may avail himself of the right conferred he must conform to the requirements of the enabling statute. The General Assembly might, if it had seen fit to do so, have made the judgment of the county court in such case final and allowed no appeal, in which event the judgment could be attacked only either directly for fraud, or collaterally on the ground that it was void on its face. In this kind of proceeding the statute gives an appeal, but it prescribes the method to be pursued in taking the appeal and limits the questions that may be litigated in the appellate court. The General Assembly has been careful to express the limitations on this right, and also on the scope of the litigation after the appeal is taken, saying who may appeal, when and how the appeal may be taken, and what questions may be heard by the circuit court when the cause reaches that court. When we notice the changes or amendments that have been made in the statutes on these points we see that the General Assembly has acted with deliberation.

Section 8292, as it appears in Revised Statutes 1899, says: "Any person or corporation party to proceedings may, . . . file exceptions to the apportionment, or to any claim for compensation or damages at any time before the day set for the hearing of said report by the court." It then provides that the court may hear the evidence and pass judgment on the exceptions. Then it says: "Any person or corporation may appeal from the order of the court, and upon such appeal may determine either of the following questions: First, whether such improvement will be conducive to public health, convenience or welfare, or the location of any part changed; second, whether the route is practicable; third, whether compensation has been allowed for property appropriated; fourth, whether proper damages have been allowed for property affected by the improvements. The appellant shall pray an appeal and file a motion, in writing, specifying therein the matters appealed from, which motion shall be filed and recorded." We will note that it is there specified who may file exceptions, to what the exceptions may relate, who may appeal from the order sustaining or overruling the exceptions, how the appeal may be taken and what questions may be heard on the appeal. In 1903 that section was amended so as to reduce the questions that might be litigated on appeal from four to two: "First, whether compensation has been allowed for property appropriated; second, whether proper damages have been allowed for property affected by the improvements." The amendment also provided that the appeal should not stay the proceedings in the county court or delay the work, but the proceeding subsequent to taking the appeal should affect only "the rights and interests of the property located in such drainage district owned by appellant or appellants." [Laws, 1903, p. 235.]

In 1905 the section was again amended, so that instead of the persons or corporations who might file

exceptions and who might appeal from the ruling of the court thereon as specified in the original section and repeated in the amendment of 1903, it was said: "Any person whose lands are affected by the proposed improvement" may file exceptions, etc., and appeal from the ruling of the county court thereon. The Act of 1905 corrects also the awkward wording of the last sentence of the amendment of 1903, so as to read: "and the subsequent proceedings in the circuit court shall affect only the rights and interests of the appellant in property located in such drainage district." [Laws 1905, p. 185.] This section 8292, Revised Statutes 1899, rewritten so as to embody the amendments above noted, appears as section 8292 in Mo. Ann. Stat., vol. 4, pages 3922-3, and as it there appears is now the law.

Thus we see that the General Assembly has with great particularity limited the subjects to which the exceptions may relate, has limited the right of appeal to the ruling of the court on those exceptions and limited the questions to be considered by the circuit court on the appeal.

The exceptions filed by appellant contained three specifications, to-wit:

"First: Because its said right of way is not used for residence or agricultural purposes and is not benefited and cannot be benefited by preventing overflows in said stream as residence and agricultural lands may be, should said ditch prevent such overflows. Its assessment of benefits as returned by said viewers is, therefore, and for that reason, out of proportion to assessments of benefits to residence and agricultural lands, and is excessive.

"Second: Because the size of said proposed ditch is insufficient to prevent the overflows of said stream, and for that reason cannot on any theory benefit its said property in any way or in any amount whatever.

"Third: Because of the frequent interruptions heretofore to travel and traffic on its said line of railroad in consequence and by reason of overflows in said stream, it has, at its own expense and cost, by a large outlay of money, built a very heavy, high embankment and trestle along and over that part of said track above mentioned, so that it is in that way and by reason thereof, fully and amply protected from overflow and interruption of traffic in its said line of railroad from said stream, and cannot and will not therefore be benefited in any sum whatever by the construction and opening of said ditch."

The first of those specifications signifies that for the reasons therein stated the assessment of benefits against appellant's lands is excessive. That is the only point in the exceptions that could with reason be claimed to come within the scope given by the statute; it may perhaps be considered as an "exception to the apportionments," but it cannot be considered as an exception to "any claim for compensation or damages." The second specification is only to the effect that the ditch as proposed is not big enough to do any good to appellant's lands, and the third is that appellant has already protected itself and does not need any other protection. When the court overruled the exceptions appellant appealed. But the statute requires one appealing to specify in his application in writing the matter he appeals from, and that application is to be made a matter of record by being spread on the record of the county court. But appellant did not do that, it did not in its application state from what order or judgment of the county court it appealed.

The statute requires that the appellant make the affidavit required in ordinary cases of appeal from the circuit court, and that much of the requirement is here complied with, the affidavit says the appeal is not "for vexation or delay, but because this affiant believes that said appellant is aggrieved by the finding

and order of the above-named court.'' That is the form
of the affidavit required in cases of appeal from the
circuit court, but this statute requires something more
than that. The county court in proceedings of this
kind may make, and in this case it has made, several
findings and orders, many of which affect appellant;
but from not all of which is he entitled to appeal,
therefore the statute says he must specify in his appli-
cation the particuar matter that he appeals from. In
its application for appeal appellant enumerates what
it calls ''reasons'' why the appeal is taken, chief of
which, stated in various forms, is that the county court
had no jurisdiction of the case. The only specifica-
tion under that head is that Chariton river is a navi-
gable stream. It also says the benefits assessed against
it are excessive and that the damages awarded to it
are inadequate. There was no exception filed in the
county court to the amount of damages awarded, there-
fore, there was no order on that point to appeal from.

The specification of what particular order or judg-
ment of the court the party proposes to appeal from is
very essential in this statutory proceeding, because
there are only two questions in the whole proceeding
that can be reviewed on appeal, first, whether com-
pensation has been allowed for property appropri-
ated, second, whether proper damages have been al-
lowed for property affected by the improvement; why
therefore should an appeal be allowed if it is not to
bring up for the consideration of the appellate court
one or both of the only two questions that can be con-
sidered on the appeal? For example section 8284 re-
quires that ''if the county court shall find that the
proposed ditch or other improvement is necessary for
sanitary or agricultural purposes, or would be of
public utility or conducive to the public health, conven-
ience or welfare,'' it shall spread that finding on the
record, and make an order appointing commissioners,
etc., and proceed to other steps looking to the estab-

lishment of the drainage district as prayed, and that the court did in this instance. That is the most important order made in the case, if it should be annulled an essential fact to support the final judgment would be lacking, but that order is not one that can be reviewed on appeal; in fact it was by the amendment of 1903 expressly eliminated from consideration on appeal. Now, suppose after final judgment an appeal should be prayed and appellant in his application for the appeal should specify that order as the one from which he would appeal, and suppose the county court should allow the appeal and the cause be carried to the circuit court, that court would be bound to dismiss the appeal because the order or judgment appealed from does not involve either one of the only two questions the circuit court can try. When an appeal in a proceeding of this kind comes to the circuit court it is the duty of that court to look into the record of the county court and see what order or ruling or finding the appellant has appealed from, and unless it appears that the appeal presents a question that can be litigated in that court it should be dismissed. That is what the circuit court might properly have done in this case, because the appellant in its application for an appeal did not state what order it appealed from. If appellant had stated in its application that it appealed from the order overruling the exceptions on the point of benefit assessments, even that would not have presented a matter that the circuit court could have taken cognizance of, because it presented neither a question of "whether compensation had been allowed for property appropriated or whether proper damages had been allowed for property affected by the improvement," but even if it had presented one or both of those questions that fact would not have given the circuit court, as an appellate court, jurisdiction over other questions which the Legislature has said should

not be litigated on appeal, the court could not for instance have gone on and reviewed the whole action of the county court and have upset the whole proceeding because it found, if it should find, that Chariton river was a navigable stream. If, as appellant contends, the petition is a nullity and the whole county court proceeding is void on its face, an appeal to the circuit court is not a proceeding in which they may be so adjudged.

Nor could the circuit court on such an appeal decide the question whether or not section 8285, authorizing the viewers to assess damages and benefits, was in violation of article III of our State Constitution as appellant now contends. Nor was appellant deprived of a constitutional right of trial by jury, as it claims it was, when the court discharged the jury and rendered judgment affirming the judgment of the county court, because the court on the face of the record would have been justified in dismissing the appeal.

When the cause reached the circuit court appellant made no effort to litigate a question of compensation for property appropriated or damages for property affected, but apparently relied on the same grounds it now relies on in this court, that is, that the whole proceeding is void. When appellant took that position the circuit court discharged the jury and affirmed the judgment of the county court. It would have been more regular if the court had dismissed the appeal, but since dismissing the appeal would have had the effect of leaving the judgment of the county court in full force the affirming of the judgment by the circuit court has practically the same effect, therefore it will not be disturbed.

Judgment affirmed. All concur.