On April 4, 1916, there were filed in the Circuit Court of Dunklin County, articles of association for the formation of a drainage district, which included a prayer that the lands described in the application be incorporated into a drainage district pursuant to the act relating to the formation of such districts. The proposed district was to consist of five thousand acres of land and the petition for incorporation purported to be signed by the owners of 3309 acres, or a majority of the acres.
The Colonization Realty Company, a corporation and one of the signers of the application, was stated to own 3159 acres. This company had given contracts for the purchase of seven hundred acres of the lands the petition stated it owned, and the holders of some of these option contracts filed objections to incorporating the proposed district, contending they were owners of the lands on which they held contracts of sale and purchase; that they had not signed the petition, and if the number of acres owned by them was deducted from the number alleged to be owned by the Colonization Realty Company, it would appear the owners of a majority of the acres in the district had not applied for its incorporation. By reason of the terms of the contracts, the court below held the parties who were *Page 3 
accorded the right to purchase were not owners of the lands within the meaning of Section 39 of the Drainage Act, but that those lands were still owned by the Colonization Realty Company. An order (accompanied by findings that all the requisite steps for the formation of the district had been taken by the petitioners) was entered February 27, 1917, that the district be established under the name of the Wilhelmina Drainage District. From this order the objectors, after motions for new trial and arrest had been overruled, appealed to this court.
The right to appeal, if any there is, must be found in the Laws of 1913, and it has been decided that under that act no appeal lies from the preliminary order to incorporate a drainage district. [In re Drainage Dist.; Buschling v. Ackley,270 Mo. 157.] The reason for this conclusion and authorities in support of it are set out fully in the opinion in the cited case. Shortly stated the reason is that the Act of 1913 allows an appeal from the judgment of the circuit court for the determination of only two questions: first, where just compensation has not been allowed for the property in the district appropriated for drainage works; and, second, where proper damages have not been allowed for property prejudicially affected by the improvements. [Laws 1913, p. 241, sec. 16.] Those being the only matters for consideration on an appeal, plainly one cannot be taken from the preliminary order, for, as yet, no compensation for property taken has been allowed, nor damages assessed for harm done by the improvements. In fact, property has not, so far, been appropriated nor improvements made. Appellants concede that no appeal lies from the preliminary order, except when the purpose of the appeal is to have determined whether the circuit court acquired jurisdiction of the proceeding or whether its order was void for lack of jurisdiction, and supports the present appeal on the ground that the court below acquired no jurisdiction of the proceeding, if the owners of the greater number of *Page 4 
acres in the contemplated district did not sign the articles of association and petition to have it formed, and that appellants are entitled to a decision here as to whether the evidence shows the owners of the larger number of acres had not signed; further insisting that the question of jurisdiction may be raised at any stage of a case and besides, that the present appeal is authorized by the following excerpt from the opinion in the case cited above:
"While it is true the objectors could have made the same defense in a suit on the tax-bills, yet they were not compelled to do so, for the elementary reason that the lack of jurisdiction over the subject-matter may be shown at any time in any suit or proceeding involving that question, even in a collateral proceeding.
"It was not the design of the Legislature in limiting the right of appeal in drainage cases to deny to one affected thereby the right to question the jurisdiction of the district over the subject-matter thereof; and if that were the intention then clearly the statute to that extent, at least, would have been unconstitutional."
Without deciding that a jurisdictional matter is raised by the appellants, we are clear this court did not say in the quoted excerpt that an appeal lies from a preliminary order of the circuit court, if the jurisdiction of the court to make the order is contested. What was said in the excerpt had reference to the right of a party to deny the jurisdiction of a district, already incorporated, to assess his land for drainage when the district was, in fact, organized for levee purposes instead of drainage. It is true that if a court takes cognizance of a matter whereof it has none, an objection may be raised in the proper mode at any stage of the proceeding; but it does not follow that it may be raised by an appeal from an interlocutory order entered at any stage. When the final judgment, or whatever order the statute may allow an appeal from, has been entered, then an appeal will lie and in the court to which it is taken the objection may be raised that the lower court had *Page 5 
no jurisdiction, and this is so whether it was raised in the lower court or not. Beyond doubt an appeal lies only when the right is given by some statute and only from such orders and judgments as the statute mentions; and the act in question neither expressly nor impliedly authorizes one from the preliminary order to incorporate a drainage district. The general rule is that it lies only from final judgments, but statutory exceptions are made. If an appeal taken from a preliminary order was considered in Birmingham Drainage District v. Railroad Co.,266 Mo. 60, it was because there was no suggestion to direct the court's attention to what order or judgment of the circuit court the appeal was from.
The appeal in the present case must be dismissed. It is so ordered. All concur.