ELSBERRY DRAINAGE DISTRICT v. J. H. MEYER
et al., Appellants.

### Division Two, March 17, 1919.

**APPEAL: Drainage District.** No appeal lies from a judgment of the
circuit court extending the boundary lines of a drainage district,
in pursuance to a petition brought under Section 40 of the Circuit
Court Drainage District Act of 1913, Laws 1913, p. 254.

Appeal from Lincoln Circuit Court.—*Hon. Edgar B.
Woolfolk*, Judge.

APPEAL DISMISSED.

*Creech & Penn* and *Sutton & Huston* for appellants.

(1) The Elsberry Drainage District was not
authorized and had no power to extend its boundaries so
as to include the lands of appellants, when the majority
of the landowners and a majority of the acreage within
the extended boundaries was opposed and objected to
such extension. Laws 1913, Sec. 2, p. 233; Elsberry
Drainage District v. Harris, 267 Mo. 139.    (2)   The
notice of the filing of the original petition for the ex-
tension of the boundaries and change of plans of the
drainage district was wholly insufficient to confer juris-
diction of the subject-matter upon the court or to
authorize the court to decree the extension of the bound-
aries or change of plans of the drainage district for the
reason that the notice was not directed to the owners
of lands within the drainage district as well as to the
owners of lands adjacent to the district. Eaton v.
County of St. Charles, 76 Mo. 493; Elsberry Drainage
District v. Harris, 267 Mo. 148; Nishnabotna Drainage
District v. Campbell, 154 Mo. 157; 7 Ruling Case Law,
sec. 57, p. 1029; Charles v. White, 214 Mo. 206; State
ex inf. Rosenberger v. Bellflower, 129 Mo. App. 146;

St. Louis v. Glascow, 254 Mo. 271; In re Bledso Hill, 200 Mo. 642; Yolo County Reclamation District v. Burger, 122 Cal. 442; People v. Reclamation District, 121 Cal. 522; Craig v. People, 188 Ill. 416; Sanner v. Union Drainage District, 157 Ill. 575; Payson v. People, 175 Ill. 267; People v. Cooper, 139 Ill. 461; Mason Special Drainage District v. Griffin, 134 Ill. 330.

*O. H. Avery, Wm. A. Dudley* and *D. E. Killam* for respondent.

(1) The appeal was improvidently allowed in this case and the same should be now, here, dismissed. Laws 1913, p. 232, sec. 16; In Re Mississippi & Fox River Drainage District v. Ackley, 270 Mo. 157; Tie and Timber Co. v. Drainage District, 226 Mo. 444; Drainage District v. Railroad, 216 Mo. 709; Birmingham Drainage District v. Railroads, 202 S. W. 404. (2) The question of the sufficiency of the notice to landowners is not before the court now. Drainage District No. 4 v. Railroad, 216 Mo. 709; Tie and Timber Co. v. Drainage Co., 226 Mo. 420; Drainage District v. Ackley, 270 Mo. 157; Birmingham Drainage District v. Railroad, 202 S. W. 404. Laws 1913, p. 241, sec. 16, and p. 254, sec. 40; State ex rel. v. Weithaupt, 254 Mo. 329. The notice is sufficient to give the court jurisdiction over the subject-matter of the suit. Laws 1913, Secs. 40, 62 and 63; Kansas City v. Woerishoefer, 249 Mo. 21. Appellants waived objections to the jurisdiction over themselves.

WHITE, C.—The appeal in this case is from an order of the circuit court of Lincoln County extending the boundaries of the Elsberry Drainage District and changing the plan of reclamation in said district.

The Elsberry Drainage District had been organized and in November, 1913, it filed in the circuit court of Lincoln County its petition, under Section 40 of the Act of 1913 (Laws 1913, p. 254), praying for a change of plan of reclamation and extending its boundaries.

Objection to the petition was filed by appellants herein who were owners of the land in the territory sought to be annexed. Evidence was heard and the prayer of the petition sustained, judgment entered accordingly, and commissioners appointed by the court to appraise the property to be taken and assess benefits and damages and estimate the cost of improvements occasioned by the change of plan and the extension of boundaries, and to make due report to the court. The objectors, appellants here, thereupon appealed from that judgment.

All of this is shown by the abstract of the record filed by the appellants. The respondents have filed an additional abstract of the record showing that the commissioners appointed by the court afterwards filed a report assessing the benefits and damages to the parties concerned; that the appellants filed objections and exceptions to the report of commissioners, took change of venue from Judge W. B. Woolfolk, and Judge Barnett was then called in to try the case. He found that all the objectors were in court, heard the evidence, overruled all the objections and exceptions, and found that the commissioners' report of assessments and benefits against each of the tracts to be included was equitable and just. Each of the objectors who had appeared and filed objections, excepting one, agreed and consented that the assessments against the said tracts of land for the benefits were equitable and just. The court then entered an order and judgment against each tract, for benefits, in accordance with the amended report of the commissioners. This additional abstract of the record also shows that the amounts awarded as damages was paid by the district and received by a majority, if not all, of the objectors.

Respondents filed herein a motion to dismiss the appeal on the ground that the judgment appealed from is not a final decree and not a judgment from which an appeal would lie to this court. Appellants filed a motion to strike out respondents' additional abstract of record

because the matter contained therein is no part of the record in the case appealed and the subject is not germane to the record.

The Act under which this proceeding was brought, Section 16, p. 241, Laws 1913, has the following provision, p. 242:

"Any person may appeal from the judgment of the court, and upon such appeal there may be determined either or both of the following questions: "First, whether just compensation has been allowed for property appropriated; and, second, whether proper damages have been allowed for property prejudicially affected by the improvements."

Appeal.

This provision appears in the conclusion of section 16, which provides for the filing of exceptions to commissioners' reports and the hearing and judgment thereon.

This court, after an exhaustive review of the authorities construing that provision and the amendments of it, as they have appeared in the statutes from time to time, held that an appeal will not lie from an order incorporating a drainage district so as to enable this court to review alleged error committed in such proceeding. [In re Drainage District, Buschling v. Ackley, 270 Mo. 157.] An examination of that case and the authorities cited will show the reason for that interpretation of the statute quoted, which appears in that part of the Drainage Act relating to the *formation* of a district. This proceeding is brought, under Section 40 of the act, to extend boundaries and change the plan of reclamation of the district. Section 40 provides for the appointment and report of commissioners and the assessment of benefits and damages in the same manner as in the formation of the district under Sections 12 and 14 of the act, and proceeds (p. 255):

"The case shall be proceeded with in the same manner as is now provided for in the previous sections of this act for the organization of drainage districts."

That applies to the provision relating to appeals. Accordingly, the appeal in this case is from a judgment from which no appeal lies.

The appeal is dismissed.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All the judges concur.