HUNTER LAND & DEVELOPMENT CO., a Corporation, et al., Respondent, v. C. D. JACKSON, Sheriff, Appellant.

Springfield Court of Appeals, July 8, 1922.

1. **EXECUTION: Sale May be Enjoined, When it Would Cast Cloud on Title.** An execution sale of realty may be enjoined, in a proper case, when the sale would cast a cloud on the title.

2. **COSTS: Injunction Against Execution, Held Available in Absence of Remedy by Appeal.** An appeal to the circuit court does not lie from a judgment of the county court dismissing a petition for the incorporation of a drainage district and adjudging that petitioners pay costs, and hence injunction will lie to restrain sale on execution based on invalid fee bill.

3. ————: **Sale Under Execution on Judgment Including Only Part of Costs Included in Fee Bill Will be Restrained.** Where the unsuccessful petitioners for the incorporation of a drainage district were adjudged to pay costs, and only a few items of costs were allowed by the county court and carried into the judgment, and afterwards· the clerk issued a fee bill including all the items found in the engineer's report, and the fee bill was regular on its face, equity will grant relief against a sale under execution on such judgment.

Hunter Land & Dev. Co. v. Jackson.

4. ————: **Motion to Retax Held Inadequate Relief Against Execution Based on Fee Bill.** Where a judgment for costs included only a part of the items carried into the fee bill for the amount of which execution was issued, a motion to retax was not an adequate remedy for relief against such fee bill, since the costs had not been taxed, and hence injunction would lie to restrain a sale of land under the execution.

5. ————: **County Court Has no Authority to Quash, or Recall, Execution on Fee Bill, and Injunction Will Lie.** Where the unsuccessful petitioners for the incorporation of a drainage district were adjudged to pay costs, and the clerk included items in the fee bill not allowed by the county court, such a court being a court of limited jurisdiction, had no authority to quash or recall an execution on the fee bill for such costs, under Revised Statutes 1919, section 1675, providing that a person against whose property execution may issue can upon a good cause have the execution quashed, and hence injunction will lie to restrain sale of land under the execution.

6. **DRAINS: Fee Bill in Proceeding to Incorporate District, Including Items not Allowed by Court, is Void.** Where the unsuccessful petitioners for the incorporation of a drainage district had been adjudged to pay the costs, a fee bill including fees and expenses not audited, or allowed, by the county court was unauthorized, and that part of the bill was void.

7. **JUDGMENT: Nunc Pro Tunc Order Inadmissible Where it Shows on its Face That it Was Based on Extrinsic Evidence.** Where the unsuccessful petitioners for the incorporation of a drainage district had been adjudged to pay costs, and only a few items had been allowed by the court, a *nunc pro tunc*, entered during a suit by such petitioners to enjoin a sale under a fee bill erroneously including all items, which order recited "that the court, being satisfied from the files, minutes, records, and by other evidence," had allowed all items improperly included in the fee bill, such order was inadmissible in the injunction suit, since it showed on its face that the entry was based, not on the minutes, but on extrinsic evidence.

8. **CERTIORARI: Error in Denying Writ to Test Validity of Nunc Pro Tunc Order, Held not Ground for Reversal.** In a suit to restrain sale on execution issued on a judgment for costs including only a part of the items included in the fee bill, the full amount of which was carried into the execution, judgment for plaintiffs will not be reversed for error in denying a *certiorari* to test the validity of a *nunc pro tunc* order incorporating all the items into the judgment, where the *nunc pro tunc* order received in evidence in the injunction suit showed on its face that it was based, not entirely on the record and minutes, but upon extrinsic evidence.

Appeal from Mississippi County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*J. C. McDowell* and *J. M. Haw* for appellant.

(1) The court erred in granting respondents a temporary injunction and upon the hearing, in granting the permanent injunction. All the testimony shows that respondents made no tender of the amount of costs later admitted to have been properly allowed until long after the temporary injunction was allowed. They were not entitled to any relief unless and until they paid all that was due, including costs. Overall v. Ruenzi, 67 Mo. 203, 207; State ex rel. v. Flad, 26 Mo. App. 500, 503-4; Dickhans v. Olderhide, 22 Mo. App. 76, 79. (2) The evidence of respondents is that the items allowed for C. E. Swank are all they are disputing, yet they failed to pay the following other items when they paid $1516.52 into court, November 8, 1921, viz: St. John's Levee and Drainage District for data, $15; Charleston Abstract Company, ownership list for district, $50 and costs to date of payment into court. A tender to be effective must include not only the full amount due but also all costs accruing to the date thereof. R. S. 1919, sec. 1713; Henry v. Lowe, 73 Mo. 96; Kinney v. Railroad, 69 Mo. App. 302. (3) The proper proceeding would have been for the respondents to have applied to the court out of which the fee bill issued. An injunction will not issue from one court to prevent a sheriff from enforcing a fee bill, alleged to be void, issuing from another court. R. S. 1919, sec. 1675; Same, sec. 1716; Farris v. Smithpeter, 180 Mo. App. 466, 469; Scrutchfield v. Sauter, 119 Mo. 615. (4) The fee bill was issued according to law and its collection should not have been interfered with by injunction. R. S. 1919, secs. 4482, 4485 and 10986; Farris v. Smithpeter, 180 Mo. App. 466, 469. (5) If complainants acted in such way as to raise an estoppel against themselves they should not be granted an injunction.

They retained the benefits and should pay for the services. 22 Cyc, 777; Runnels v. Laswell, 219 S. W. 980, 981; Jones v. Smith, 186 S. W. 1088, 1090; Valle's Heirs v. Fleming, 29 Mo. 152. (6) An injunction is a matter of grace and not of right, and when the benefit to plaintiff will be disproportionate to the injury to defendant, relief will be denied and plaintiff will be remitted to his legal remedy for the vindication of his right. Schopp v. Schopp, 162 Mo. App. 558, 564; Barnes v. Construction Co., 257 Mo. 175, 195; Johnson v. United Railways Co., 227 Mo. 423, 450. (7) Even though the judgment should be found to be imperfect in form or to contain irregularities, it should not be nullified by injunction. Especially is this true since it is not productive of substantial injury to respondent. R. S. 1919, secs. 1276 and 1550; Mott v. Bernard, 97 Mo. App. 265, 270; Sauer v. Kansas City, 69 Mo. 46, 49; Davis v. Staples, 45 Mo. 567, 570. (8) The court erred in holding that the *nunc pro tunc* order of the county court, offered in evidence by appellant, correcting and amending its order of August 6, 1921, by itemizing the fees allowed, was subject to attack in this, a collateral, proceeding and cause. Tie and Timber Co. v. Pulliam, 137 Mo. 1, 19 and 20; Collier v. Lead Company, 200 Mo. 246, 276-278; Mann v. Schroer, 50 Mo. 306; State v. Ellison, 210 S. W. 401, 403. (9) The county court had jurisdiction and authority to make the *nunc pro tunc* order, and the evidence was sufficient. State v. Parmeley, 234 S. W. 867; State v. Ellison, 210 S. W. 401; Lusk et al. v. Seed & Grain Co., 204 S. W. 742; Henry County v. Salmon, 201 Mo. 136, 151-152. (10) At the time the temporary writ was issued the respondents had not, and have not yet, paid or tendered the amount allowed by the county court and the cost that had accrued, Overall v. Ruenzi, 67 Mo. 203, 207; State ex rel. v. Flad, 26 Mo. App. 500, 503; Dickhaus v. Olderhide, 22 Mo. App. 76, 79.

*Gallivan & Finch* for respondent.

(1) The county court is a court of limited jurisdiction and has only such powers as are expressly conferred

upon it. Sec. 36, art. 6, Constitution of Missouri; State ex rel. Johnson, 138 Mo. App. 306; Bayless v. Gibbs, 251 Mo. 506; Sturgeon v. Hampton, 88 Mo. 213; Saline County v. Wilson, 61 Mo. 239. (2) The county court has been given no power to quash executions or to retax costs, as sections 1675 and 1716, R. S. 1919, apply only to courts of general jurisdiction. Brownfield v. Thompson, 96 Mo. App. 340; Carr v. Railroad, 109 Mo. App. 388. (3) The drainage law is a code unto itself and no appeal lies from its order or judgment unless expressly allowed by the drainage law, and since the drainage law does not provide for an appeal from an order taxing costs in drainage proceedings, no appeal would lie. Pemiscot County v. McCarty, Judge, 208 S. W. 450; Pemiscot County v. McCarty, Judge, 208 S. W. 452; Buschling v. Ackley, 270 Mo. 157, 192 S. W. 727; Sec. 4488, R. S. 1919. (4) The county court can speak only by its records, and since its records show that it never passed upon or allowed the items complained of in the fee bill there was no authority in law for the action of the clerk in including same in the fee bill presented. Morrow v. Pike County, 189 Mo. 620; Henry County v. Solomon, 201 Mo. 151. (5) Engineers' costs in drainage proceedings are governed by contract with the county court representing the district and the engineer, and, therefore, the clerk could not issue execution for same until the court had passed upon the bill and allowed it. It is not a fixed compensation to be taxed as costs. Sec. 4527, R. S. 1919. (6) An injunction may be granted to prevent a judicial sale or sale by sheriff. Gunby v. Brown, 86 Mo. 253; Goldie Constr. Co. v. Ruch Constr. Co., 112 App. 147. (7) A judgment entered *nunc pro tunc* at a subsequent term must be based upon some minute or written record made at the time, and can never be based upon the recollection of the court. Fidelity & Deposit Co. v. Fulsome, 193 S. W. 618; Belkin v. Rhodes, 76 Mo. 643; Ross v. Railroad, 141 Mo. 395; State v. Jeffars, 64 Mo. 378; Monk v. Wabash Railroad, 166 Mo. App. 692. (8) A judgment *nunc pro tunc* is presumed to have been based upon proper evidence, but

it is only a presumption that vanishes when the facts appear. State ex rel. Vaile, 122 Mo. 40; Belkin v. Rhodes, 76 Mo. 652; State ex rel. v. Baldwin, 109 Mo. App. 573; Page v. Chapin, 80 Mo. App. 159; Young v. Young, 165 Mo. 630, 631.

COX, P. J.—Action to secure a permanent injunction to prevent appellant as sheriff from selling land of plaintiff's under a fee bill issued by the clerk of the county court of Mississippi county. Upon trial, the judgment was rendered for plaintiffs perpetually enjoining defendant from making the sale and defendant has appealed.

A petition signed by plaintiffs and others was filed in the county court of Mississippi county asking for the incorporation of a drainage district. The preliminary steps were taken in which considerable costs and expenses accrued. On final hearing the petition was dismissed and petitioners adjudged to pay the costs. Only a few items of cost were allowed by order of the county court. The clerk afterward issued a fee bill against plaintiffs for the costs and included therein all the items of cost found in the engineer's report, though these items had not been approved and allowed by the court, at least as far as the record showed at that time. The sheriff demanded payment from plaintiffs and they refused to pay the items that had not been allowed by the court and he then notified them that he would levy on their land and sell it to enforce payment. This suit followed.

The court finally found in their favor and made the injunction perpetual. While the trial was in progress, the county court made a *nunc pro tunc* entry allowing all the costs contained in the fee bill. This *nunc pro tunc* judgment was then offered in evidence and was admitted over plaintiffs' objection. Plaintiffs then asked for a continuance of this case until a writ of *certiorari* could be sued out and the validity of the judgment *nunc pro tunc* tested. This was denied. The plaintiffs then offered all the orders of the court and the clerk's minutes

and files in his office in relation to the whole matter. These were excluded at the time but afterward admitted.

The order of the county court dismissing the petition concluded as follows: "It is further ordered that all the costs in this case be and the same are hereby assessed against petitioners as follows (naming them) and that due process for all costs issue in this behalf including all engineering and other costs incurred in said cause." The files had no endorsements on them except in one instance. A supplemental bill of costs incurred after the filing of the preliminary report of the viewers and engineers covering a few items had the letters "O. K." and "L. P." endorsed on the back. It was admitted that Lee Presson (presumably the county court clerk, though that fact is not shown) if present, would testify that these letters were the customary indication of the examination and approval of a bill by the county court and that they were placed on the bill after it had been examined by the county court as an indication of its approval. It was not shown that the first report which contained the main items in dispute had this or any other endorsement on it.

It seems to be well settled in this State that a sale of real estate under execution may be enjoined in a proper case when the sale, if permitted to proceed, would cast a cloud upon the title. [McPike et al. v. Pen, Sheriff, et al., 51 Mo. 63; State to use Board of Education v. Tiedmann, 69 Mo. 306; Park v. People's Bank, 97 Mo. 130, 11 S. W. 41; Goldie Construction Co. v. Rich Const. Co., 112 Mo. App. 147, 86 S. W. 587.]

Is this case a proper one in which to invoke that remedy? The remedy by appeal from the judgment of the county court dismissing the petition by which the allowance of costs could be reviewed by the circuit court was cut off for the reason that no appeal would lie from that judgment of the county court. [Pemiscot County v. McCarty, 208 S. W. 450; Pemiscot County v. McCarty, 208 S. W. 452; Buschling v. Ackley, 270 Mo. 157, 192 S. W. 727; Elsberry Drainage District v. Meyer, 277 Mo.

439, 209 S. W. 913; State v. Norborne Land Drainage District Co., 234 S. W. 344.]

In this case a part of the costs included in the fee bill had been regularly allowed by the county court and the fee bill was regular on its face, hence a sale under it would have conveyed title to a purchaser who was ignorant of the facts, and these facts are sufficient to call into operation the equity side of the court. Appellant insists, however, that respondent had an adequate remedy at law by motion in the county court to re-tax costs or recall the fee bill issued by the clerk at the time this suit was filed. The costs complained of had not been taxed so a motion to re-tax would not have been available. As to the motion in the county court to quash or recall the fee bill we do not think the county court would have had the authority to quash the fee bill had it been asked to do so. The county court is a court of limited jurisdiction and depends altogether upon the provisions of the statute for its warrant of authority to act. Looking to the statute, we find no provision therein that either directly or impliedly grants to a county court such power. Section 1675, Revised Statutes 1919, the only section granting power to any court to quash an execution, is found in the general code of civil procedure but does not apply to courts of limited jurisdiction such as the county court or a justice of the peace. [Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378; Carr v. Railroad, 108 Mo. App. 388, 83 S. W. 981.]

The cases just cited passed on the question of the power of a justice of the peace to quash or recall an execution and it was held that he did not possess that power. The reason assigned is, that a justice court is a court of limited jurisdiction and derives its powers from the statute, and has no inherent powers such as belong to courts of general jurisdiction and since the statute does not provide that a justice of the peace can recall or quash an execution issued by him, he cannot do it. A county court stands in exactly the same position. It derives its powers from the statute and since the stat-

ute does not grant to it the power to quash or recall an execution or fee bill, it does not possess the authority to do so. There was, therefore, no remedy open to respondent through possible action by the county court. That being true, the further rule, which is well recognized, that every court must control its own process and that one court cannot interfere with the process of another court does not apply.

It is clear to us that when the fee bill in controversy was issued, the inclusion therein of fees and expenses that had not been audited and allowed by the county court was unauthorized and that part of the fee bill was void. The appellant seems to have realized that fact, and while this trial was in progress, the county court made a *nunc pro tunc* order in the attempt to eradicate that error. This *nunc pro tunc* was entered as of the date of the dismissal of the petition and showed that all the items included in the fee bill had been allowed by the county court. This *nunc pro tunc* judgment was then offered in evidence by appellant. To this respondent objected on various grounds. The objections were overruled and exceptions saved. Respondent then asked a suspension or continuance of the trial to give them time to prosecute a writ of *certiorari* in order to test the validity of the entry *nunc pro tunc*. This request was denied. The judgment *nunc pro tunc* was then admitted. In rebuttal the respondent offered all the court records, minutes and files in the matter before the county court for the purpose of showing that the *nunc pro tunc* order was not authorized. These were at first excluded but were afterward admitted and the court finally held that the *nunc pro tunc* order was not authorized and then rendered judgment for respondents perpetually enjoining the collection of the fee bill. Appellant now insists that the entry *nunc pro tunc* was regular on its face and cannot be collaterally atacked and, whether based on sufficient record data or not, is binding in this case and renders the fee bill valid although it might not have been valid when issued. We think as a general proposition

that position is correct. [Collier v. Catherine Lead Co., 208 Mo. 246, l. c. 277, 106 S. W. 971.] In that case the record of the court in making the *nunc pro tunc* entry recited that it was made "from the minutes and records of the court and by proper record evidence." The Supreme Court held that such a recital excluded the idea that the entry *nunc pro tunc* had been made upon any evidence other than the records, minutes and files in the cause and hence the judgment upon its fact recited facts sufficient to authorize it and could not be collaterally attacked. The recital of the county court in entering this order *nunc pro tunc* in this case does not come up to that standard. It reads: "The court being satisfied from the files, minutes and records of the court and *by proper evidence.*" (The italics are ours.) This recital instead of excluding the idea that nothing was considered except the records, minutes and files, which were the only things that could properly be considered, shows that other evidence which the court designated as proper evidence was also considered. This judgment *nunc pro tunc* instead of being regular on its face and showing that no improper evidence was considered by the court shows affirmatively that some evidence other than the records, minutes and files was considered and hence shows upon its face that it was not properly entered. When this judgment *nunc pro tunc* was offered in evidence, the objection to it should have been sustained. Since the court at that time was of the opinion that he could not question the validity of that entry in this action, the application of respondent to be given an opportunity to then test it by *certiorari* before final judgment in this case, should have been sustained. Had the judgment below gone against respondent, this error would have entitled them to a reversal. Since the judgment went in their favor by the court changing its ruling and finally admitting the records and files for the purpose of impeaching the entry *nunc pro tunc,* it remains to be seen whether appellant is entitled to a reversal. As already stated, we think the judgment *nunc pro tunc* should have been excluded be-

cause it shows on its face that it was not properly entered. Further, the records, minutes, and files were all before the trial court and are before us in this record and had the court delayed this trial and permitted respondent to sue out a writ of *certiorari* to test the validity of the entry *nunc pro tunc,* as we think he could properly have done, we think that on that proceeding it would have been the duty of the court to have quashed the *nunc pro tunc* judgment. In that state of the record, the judgment appears to be for the right party. The judgment is the only judgment that could finally have been rendered if the court had entertained a *certiorari* proceeding to test the validity of the *nunc pro tunc* judgment before entering judgment in this case.

What we have said does not mean that the parties who may be entitled to compensation are without remedy. They can, after due notice to respondents, bring the matter to the attention of the county court and have such allowances made to them as is authorized by statute. When these allowances are made and shown of record in the proper way, they can then be collected. The judgment in this case is for the right party and is therefore affirmed. *Farrington, J.,* and *Bradley, J.,* concur.