F. S. BROWNFIELD, Appellant, v. MOSES N. THOMPSON, Defendant; JOHN RAMSAY, Garnishee, Respondent.

**Kansas City Court of Appeals, November 3, 1902.**

1. **Justices' Courts: LIMITED JURISDICTION AND POWER.** A justice's court is not only a court of limited jurisdiction, but its powers within its jurisdiction are limited.

2. ———: **QUASHING EXECUTION: JURISDICTION.** A justice has no jurisdiction to quash an execution; when issued his power ceases.

3. ———: ———: ———: **APPEAL.** Where the justice has no jurisdiction, an appeal from his decision confers no jurisdiction on either the circuit court or the Court of Appeals.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

APPEAL DISMISSED.

*John W. Stokes* for appellant.

(1) If the contention of respondent is correct that the court had no jurisdiction the garnishee was bound to set up such facts before the justice. Hopkins v. Huff, 67 Mo. App. 394. (2) This objection to the jurisdiction can not avail the garnishee anything; it stands on the same footing as the objection of a third person questioning the validity of the proceedings collaterally. Goodman v. Gordon, 61 Mo. App. 685.

*H. B. Williams* for respondent.

(1) If the justice had acquired no jurisdiction, the circuit court, to which there had been no appeal from the judgment of the justice on the merits, acquired

none. The jurisdiction of such circuit court was only derivative. Bank v. Doak, 75 Mo. App. 332. (2) A justice's court, being a court of inferior jurisdiction, the jurisdiction must not only in fact exist in the justice, but it must appear affirmatively in the proceedings before him. Corrigan v. Morris, 43 Mo. App. 456; Olin v. Zeigler, 46 Mo. App. 193; Bank v. Doak, 75 Mo. App. 332.

BROADDUS, J.—On the twenty-first day of February, 1901, plaintiff brought suit by attachment against defendant, Moses M. Thompson, a non-resident of the State, before J. R. Price, a justice of the peace in Union township, Holt county, Missouri, and on same day defendant Ramsay was summoned as garnishee. Defendant Ramsey answered, admitting that he had in his hands $700 in money belonging to said Thompson. After proof was made of plaintiff's demand against said Thompson, judgment was rendered in plaintiff's favor on said demand against said Thompson for $28.25 and costs of suit, and like judgment against defendant garnishee Ramsay. On April 22, 1901, execution was issued against Ramsay as such garnishee for the amount of said judgment and costs. On the twenty-seventh day of said month Ramsay appeared and moved to quash said execution, which motion was overruled by the justice and from which action of the justice Ramsay appealed to the circuit court of the county where he renewed his said motion which the court sustained. It is from this action of the court that the plaintiff has appealed.

The contention is that the justice had no jurisdiction to entertain the motion, and, therefore, no jurisdiction could be conferred upon either the circuit court or this court by appeal.

We find nothing in the statutes authorizing a justice of the peace to quash an execution issued from his court. In Enlow v. Newland, 22 Mo. App. 581, it was held that justices of the peace have only such powers as are given them by statute. In Weeks v. Etter, 81

Mo. 375, it was held that a justice has no general power to set aside verdicts and can only set aside nonsuits when entered on account of the absence of the plaintiff. A justice's court is not only a court of limited jurisdiction, but its powers are limited within its jurisdiction. It can only do such things where it has jurisdiction as the Legislature has provided it may. The manner of exercising its jurisdiction is limited by the same law that created it. Thus, as has been seen, it has no powers to set aside verdicts because there is no statute authorizing it to do so. A justice may set aside a nonsuit entered on account of the absence of the plaintiff because he is especially authorized by statute. When he issues an execution, his power over it ceases. It is in the hands of the constable and must be served in the manner provided by law, unless the party in whose favor it was issued orders it to be returned. The power in a justice to control an execution once issued and in the hands of the constable for service, would be impolitic, for the reason that, as a rule, he is unlearned in the law and can not be expected to exercise that discretion and judgment which the judge of the courts of general jurisdiction are capable of. The Legislature has defined the jurisdiction of justices of the peace and has provided in a very careful and specific manner their duties and their mode of procedure. There is only one way of bringing a matter before a justice of the peace and that is pointed out, but we find no means by which a motion to quash an execution can be got before such justice. Silence in that respect, in our opinion, is in effect a prohibition. The power to quash an execution issued out of a circuit court is conferred by statute. Sec. 3223, R. S. 1899. If the Legislature deemed it necessary to confer such power in the circuit courts and omitted to confer the same power in justice's courts, it is an argument strongly supporting the theory that it would be unwise to so confer that power in justices' courts. We therefore hold that there is nothing in the statute nor in the policy of the law that would justify us in deciding that the justice

had jurisdiction of said motion. And it follows that the circuit court and this court could not and did not obtain jurisdiction by appeal. The appeal is therefore dismissed. All concur.