CARR, Respondent, v. PENNSYLVANIA RAIL-
ROAD COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **JUSTICES OF THE PEACE:** Jurisdiction: Appeal. The right of appeal from a justice's court is restricted to appeals from judgments and from orders of the justice sustaining or overruling motions to retax costs. Appeal does not lie from the ruling of a justice on a motion to quash execution.

2. ——: ——: Motion to Quash Execution. A justice of the peace has no jurisdiction to take cognizance of a motion to quash an execution issued upon a judgment rendered by him.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Everett W. Pattison* for appellant.

(1) The right to quash an execution is a right inherent in the court, regardless of the grade of the court. This is the doctrine announced by Freeman, which has received the approval of the Kansas City Court of Appeals in the above cited case of Parker v. Oxendine, 85 Mo. App. 212. It is also the doctrine announced in two California decisions. Luco v. Brown, 73 Cal. 3; Sanchez v. Carriaga, 31 Cal. 170. (2) These two cases are cited by our Supreme Court as authorities, and the rule announced in them is thus adopted by our highest tribunal. Missouri, K. & E. R. Co. v. Hoereth, 144 Mo. 136, 45 S. W. 1085; Comstock v. Clemmens, 19 Cal. 77; Gates v. Lane, 49 Cal. 266; Chase v.

DeWolf, 69 Ill. 47; Atkins v. Siddons, 66 Ala. 453; Wordehoff v. Evers, 18 Fla. 339; 1 Freeman, Exec., sec. 73, p. 284.

*Thos. Morris* for respondent.

(1) The justice is not possessed of jurisdiction other than that provided by statute and the motion of defendant to be sustained would vest in the justice equity powers. The justice by statute is prohibited from exercising powers appertaining to a court of equity. R. S. 1899, sec. 3837. Brownfield v. Thompson et al., 96 Mo. App. 340, 70 S. W. 378. The service on the defendant is unquestionably good. Zecknicker Supply Co. v. Mississippi Cotton Oil Co., 103 Mo. App. 94; McNichol v. U. S. Mercantile Rep. Agency, 74 Mo. 457. (2) The defendant, if he felt that he was injured by the judgment of the justice, and his grounds to quash the execution were tenable, he had a remedy at law by an appeal. R. S. 1899, sec. 4059. (3) The defendant in this case ignores the remedy he had at law by filing this motion and ignores the provisions of R. S. 1899, sec. 4060. Topping v. Grant Mfg. Co. et al., 84 Mo. App. 42; Shoe Co. v. Sheperd, 96 Mo. App. 698, 70 S. W. 931. (4) The justice had jurisdiction of the subject-matter and of the parties, and the execution is not open to collateral attack. Reed Bros. v. Nicholson et al., 158 Mo. 624, 59 S. W. 977; Manley v. Manufacturing Company, 103 Mo. App. 135.

REYBURN, J.—This action was brought before a justice of the peace in the city of St. Louis, against defendant, a foreign railroad corporation, but having an office and transacting business in that city; the writ was returned duly served and on return day, defendant made default, the justice heard testimony and rendered judgment against defendant of date March eighth, 1904; March eleventh an execution issued to the

constable, March seventeenth, the defendant, appearing specially for such purpose, filed a motion to quash the execution which was overruled April eleventh by the justice and on April fifteenth, defendant filed affidavit and bond for appeal to the circuit court. The motion to quash reciting that defendant appeared specially for the purpose of moving to quash the execution issued in the cause and for no other purpose, recited that it was a corporation organized and existing under the laws of the State of Pennsylvania and proceeding, the defendant prayed the justice to quash the writ assigning as causes therefor that as such justice he did not have jurisdiction over defendant at time of rendering judgment, and could not lawfully render any judgment whatever against it, and the judgment purporting to have been rendered against it on the eighth of March was null, void and of no effect, because a justice of the peace of the city of St. Louis had no jurisdiction over a foreign railroad corporation, and at time of entering such judgment there had not been any sufficient service upon defendant to give such justice jurisdiction over it; that the return of the constable on the summons issued showed there had been no legal service of any writ or summons on defendant. When the transcript of record from the justice were filed in the circuit court, the plaintiff filed a motion to dismiss the appeal, assigning that the appeal was taken out of time and the justice had no jurisdiction or authority to grant an appeal from his ruling on a motion to quash an execution. From judgment sustaining such motion of plaintiff, defendant has appealed, attributing as error to the court below the dismissal of the appeal and the ruling that the justice was without power to quash an execution issued by him. So far as disclosed by the record legal service of the summons was had, as the transcript from the justice's court does not exhibit the return of the constable but merely states that the summons was returned duly executed and the

usual presumption in favor of the jurisdiction of the justice over defendant and. the regularity of the proceedings must be indulged. The application for appeal from the judgment of the justice specified that the appellant, as the affiant believed, was aggrieved by the action of the justice in overruling its motion to quash the execution, and that the appeal was from the merits as to such motion. No provision is made by the statute for an appeal from the ruling of a justice upon such motion, the right of appeal from justices' courts being restricted in express terms to judgments and orders of the justice sustaining or overruling a motion to retax costs. No such motion as presented in this case appears to have been contemplated by the legislation in the provisions creating such courts, and as statutory creations such tribunals have such powers only as the legislature has conferred upon them, and no cognizance over motions to quash executions upon judgments rendered by them is recognized or granted by statute, nor any right of appeal from the ruling of a justice on such motion. For these reasons as well as for the causes more elaborately presented by this court, in the Kansas City division, a justice cannot take cognizance of a motion to quash an execution in this State, although textwriters and the decisions of courts in outside jurisdictions incline toward a different conclusion and adopt a different rule as prevailing in those states. Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378; Atkins v. Siddond, 66 Ala. 453; Wordehoff v. Evers, 18 Florida 339; Luco v. Brown, 73 Cal. 3; Gates v. Lane, 49 Cal. 266; Comstock v. Clemens, 19 Cal. 77; 1 Freeman, Executions, sec. 73, p. 284.

The judgment is affirmed. All concur.