STATE OF MISSOURI at the relation and to the use of CHARLES BERRA, Appellant, v. ANTON SESTRIC, Justice of the Peace, Second District, City of St. Louis, and WALTER GRAESER, Constable for and within said district.—159 S. W. (2d) 786.

Division Two, March 13, 1942.

*George A. McDonald* for appellant.

*Roy McKittrick*, Attorney General, *S. V. Medling* and *Tyre W. Burton*, Assistant Attorneys General, for respondents.

LEEDY, J.—This is a proceeding in certiorari, commenced in the Circuit Court of the City of St. Louis, whereby relator (appellant) seeks to quash a judgment rendered against him by respondent Sestric, a Justice of the Peace, in an action brought by the State of Missouri to recover delinquent sales taxes, penalty and interest. To avoid confusion, we will refer to the parties as they were styled in the trial court. Before return was made, respondents filed a motion to quash the writ on the ground that relator had an adequate remedy by appeal. This motion was sustained, the writ quashed, and relator appealed. Some of the questions preserved for review involve the construction of the revenue laws, and for that reason jurisdiction is in this court.

There is nothing in the first assignment asserting the court could not quash its writ prior to the coming in of the return, as it will be seen that the practice here complained of has the sanction of numerous cases. See State ex rel. Underwood v. Fraker, 168 Mo. 445, 68 S. W. 576, holding, as stated in the syllabus, "A writ of certiorari issued by the circuit court may be quashed by such court, on motion, before return is made." In State ex rel. Powell v. Shocklee et al., 237 Mo. 460, 141 S. W. 614, a banc case, it was said, "As the application for a writ of certiorari is made ex parte, and may be granted by one member of the court, no good reason is perceived why the question as to whether the writ was improvidently granted may not be inquired into when the respondents are brought into court and for the first time have an opportunity to raise that issue, as is the recognized practice in the case of other original proceedings. The weight of authority favors the right of respondents to attack by proper motion the regularity of the issuance of the writ." [Citing State ex rel.

Underwood v. Fraker, supra; 6 Cyc. 813; 4 Ency. Pleading & Practice.] See, also, State ex rel. Gardner v. Harris, 286 Mo. 262, 227 S. W. 818. In the very recent case of State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S. W. (2d) 713 (certiorari, wherein the writ was quashed on motion) the following from 4 Houts Mo. Pl. & Pr., sec. 1400, p. 687, was quoted with approval: " 'A motion to dismiss or quash the writ, being in the nature of a demurrer, may be filed and granted before the return has been made to the writ. A motion to dismiss or quash the writ for want of jurisdiction or right to relief prayed by the petition is in effect a demurrer, confessing all facts well pleaded, but searching the whole record and attacking the first fatal defect.' "

Coming now to the merits of the case, it is unnecessary to set out the allegations upon which the writ issued. From them it appears that the action was brought by the State Auditor under what is now Section 11437, R. S. '39, for the recovery of delinquent sales taxes, together with statutory penalties and interest, which relator defended, and resulted in the rendition of a judgment against him for a sum within the monetary jurisdiction of the justice.

All references to sections of the statutes are to the Revised Statutes of 1939. Section 11437 provides, among other things, that "any tax due and unpaid under the provisions of this Article shall constitute a debt due the State," and authorizes the Auditor, in the name of the state, to recover the amount thereof, with penalty and interest, "by an action at law or other appropriate judicial proceedings." It further provides that in "every such action the writ of attachment may issue" and that no bond in attachment shall be required; that "in every such suit the process, pleadings and practice shall be except as in this Article otherwise specifically provided, according to the provisions of the Code of Civil Procedure." This section does not purport to confer jurisdiction of the suits therein authorized upon justices of the peace, circuit courts, or any other court. Such suits are, therefore, to be brought in any court of competent jurisdiction.

The next section, 11438, prescribes the venue in such actions, and also provides, "If such suit be by attachment it shall be brought in the county wherein the property attached is located, and when the amount of tax involved does not exceed the jurisdiction of justice courts within such county, the attachment suit may be filed in the court of some justice of the peace therein; where the amount of tax involved exceeds the jurisdiction of justice courts, said suit shall be filed in the circuit court of such county." Section 11439 provides that the remedies of the State shall be cumulative, etc.

Relator tacitly concedes that if the suit were by attachment, the justice of the peace would have jurisdiction under Section 11438, supra; but he asserts that, as the suit in question was not one by attachment, the section is not applicable, and that jurisdiction of

such actions is not conferred by Sections 2552 and 2554, relating to justices of the peace generally, nor by Sections 2789, 2790 and 2791 relating to justices of the peace in cities of over 300,000. It is a familiar principle that justice courts are of statutory and limited jurisdiction not proceeding according to the course of the common law. They can take nothing by implication, but must show the power expressly given them in every instance.

Section 2552, insofar as relevant to this inquiry, reads as follows:

"Except as otherwise provided by law, justices of the peace shall have original jurisdiction of all civil actions and proceedings for the recovery of money, whether such actions be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded," etc.

Section 2554 limits and restricts what is said in the foregoing by providing:

"No justice of the peace shall have jurisdiction to hear or try any action against any executor or administrator, nor of any action of slander, libel, malicious prosecution or false imprisonment, nor of any action where the title to any lands or tenements shall come in question and be in issue, nor of any strictly equitable proceedings."

Section 2789 (dealing with jurisdiction of justices in cities of over 300,000) is a duplicate of that portion of Section 2552 quoted above, except for the addition of the words we have italicized. It reads as follows:

"The said justices of the peace shall have original jurisdiction of all actions and proceedings for the recovery of money, whether such action be founded upon contract, tort or *account*, or upon a bond or undertaking given in any civil action or proceeding, *or upon special tax bills*, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed seven hundred and fifty dollars."

The restrictions contained in Section 2554 are, under Section 2791, applicable to the foregoing section.

Upon a construction of Sections 2552 and 2554 in State ex rel. v. Hopkins, 87 Mo. 519, it was held that a justice of the peace had no jurisdiction in suits to enforce the state's lien for delinquent real estate taxes. And in City of Pleasant Hill v. Dasher, 120 Mo. 675, 25 S. W. 566, it was said that Section 2552 "was never designed or intended to give justices jurisdiction to enforce liens against real estate." It is upon these cases that relator relies. But it is manifest that they are not in point because the action is not one to enforce a lien against real estate. On the contrary, it is one for the recovery of a personal judgment, not only for the amount of the delinquent sales taxes and interest, but also for statutory penalties, all as expressly authorized

by Section 11437, supra. Actions ''for a penalty . . . given by any statute'' are enumerated in the sections conferring jurisdiction upon justices of the peace in civil actions for the recovery of money, but whether the penalty here sought to be recovered is such as to come within the terms of those statutes, and, in that view, determinative of the justice's jurisdiction, is something we need not decide. We think the justice's jurisdiction may be sustained on other and broader grounds.

As has been seen, the statutes, supra, expressly confer jurisdiction upon justices of the peace ''of all civil actions and proceedings for the recovery of money'' within prescribed monetary limits. We think it clear that the investure of jurisdiction, under the general head ''of all civil actions . . . for the recovery of money,'' comprehends and embraces actions for the recovery of delinquent sales taxes, unless it can be said that the phrase immediately following it— ''whether such actions be founded upon contract or tort,'' etc.,—is a qualification of that general heading so as to restrict it to the particulars enumerated. We are satisfied that such effect does not follow for reasons pointed out in the decisions of other jurisdictions (none having been found in our own) construing phraseology involving the term ''whether'' in statutes quite similar to those now under scrutiny.

Board of Supervisors v. Vicksburg Hospital, Inc., 173 Miss. 805, 163 So. 382, decided in 1935, is an example. There a statute exempting from taxation ''all property, real or personal, whether belonging to religious or charitable or benevolent organizations, which is used for hospital purposes,'' etc., was held to exempt from taxation property of hospitals therein described, though not belonging to religious, charitable, or benevolent organizations, the word ''whether'' not being intended as a videlicet, but merely to show that property of such organizations owning such hospitals was exempt. It cites with approval Voegtly v. The School Directors, 1 Barr 330 (Pa.), wherein the court construed a statute which levied a school tax upon ''all debts due from solvent debtors, whether by promissory notes, . . . penal or single bill, bond, judgment, mortgage, stock,'' etc. Voegtly sold a tract of land by ''article of agreement'' in which the buyers covenanted to pay him a sum of money within the time therein designated. The balance due thereon was assessed under the statute. In holding him liable for the tax, the court said, '' 'The difficulty, in this case (as in most others), of ascertaining the meaning of the legislature, arises from the use of *too many words*. While it is admitted, that the money due on these articles of agreement would come under the category of ''all debts due from solvent debtors,'' yet, as the act goes on to enumerate particulars under this general head, and has not enumerated ''articles of agreement,'' it is contended that, therefore, the generality of the first description must be narrowed down to comprehend only such as are specifically named. This would,

undoubtedly, be the case if the words of the act had been viz.—to wit—as it is a well known rule of legal construction, that the *videlicet* is used for the purpose of restraining the generality of the preceding term, or of qualifying it, and even of contradicting it. But the word *whether,* neither in common parlance, nor in legal phraseology, has ever had the force of a *videlicet.* In fact, this section of the act is ungrammatical, and the proposition contained in the sentence is what is called by critics an anacolouthon—an incomplete proposition. The *whether,* as used here, requires some correlative—generally, the word *or.* But, suppose the word *or* to have been inserted between each of the classes enumerated, and thus the sentence made grammatical, yet it could not follow that the enumeration of some particulars would be an exclusion of all others, under the rule . ''expressio unius est exclusio alterius,'' as if the viz. had been used.

'' 'It may be true, that in construing penal acts (where courts, to save life, have been exceedingly astute in their criticism of the words of a statute), an enumeration after the word *whether* might be held as exclusive; as, if a statute, making horse-stealing a felony and death, had been worded ''all horses, mares, or geldings, whether black or white,'' the court, in favorem vitae, would, perhaps, adjudge that stealing a *bay horse* would not come under the statute. But in construing a statute, enacting that ''horses of all descriptions, whether black or white, should be taxed six cents a head,'' I think, a judge would be considered captiously astute, who would say that the legislature meant to tax only black and white horses.' '' See, also, People v. 34th St. Hotel Co., 286 N. Y. S. 614, construing an ordinance providing that ''any private laundry maintained or operated in connection with any hotel . . . whether for tenants, customers or inmates of the same or otherwise'' shall obtain a license; the court saying, ''. . . The phrase, 'whether for tenants, customers or inmates of the same or otherwise,' it seems to me, is not intended as a limitation. It seems to me that the words 'whether' and 'or otherwise' are intended to enlarge upon and to make more inclusive the wording 'private laundry.' ''

We do not think it was the intention of the Legislature, by enumerating the particulars hereinabove set out, that the jurisdiction it had just conferred on justices of the peace ''of all civil actions and proceedings for the recovery of money'' should extend only to, and no further than, the instances particularized. A suit to recover delinquent sales taxes as for debt, under Section 11437, supra, undoubtedly falls under the general head of civil action for the recovery of money; and as it does not appear that jurisdiction in such an action has been restricted or denied by any other provision of law, we are of the opinion that the justice had jurisdiction to hear and determine the cause in question. This being so, and defendant therein,

190

relator here, having the right of appeal from the judgment, certiorari does not lie.

The point is made that the suit is against the wrong party because the purchaser, and not the seller, is liable. The tax is levied upon the sale or transaction, and the duty is imposed on the purchaser to pay the tax thereon. It is true he is the one primarily liable, but the contention here urged overlooks several other provisions of the act, particularly those making the seller responsible not only for the collection of the amount of the tax imposed by the provisions of the act, but also requiring monthly returns to be made by him to the State Auditor ''of all taxes collected for the preceding month, or required to be collected for the preceding month'' and imposing the further duty ''to remit the taxes so collected or required to be collected.'' [Section 11411, R. S. '39.] Relator does not question the validity of these provisions of the statute. By their plain terms, together with the other sections hereinabove discussed, the remedy pursued before the justice was expressly given to the State. The judgment below should be, and it is affirmed. All concur.