**STATE of Missouri in the relation of INLAND FINANCE CORPORATION, Appellant-Relator,**

v.

**Hon. Frank FELDER, Magistrate, and Hartford Accident and Indemnity Company, Respondents.**

**No. 31331.**

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

Murray Steinberg and Herbert I. Fredman, St. Louis, for appellant.

Cook, Murphy & English, and Gerald J. Zafft, St. Louis, for respondents.

ANDERSON, Judge.

This is a proceeding in certiorari brought by Inland Finance Corporation, as Relator, against Honorable Frank Felder, Magistrate for the City of St. Louis. The object of the suit was to have quashed an

order of Respondent dissolving a forthcoming bond executed by Daniel Sumrall and James Sumrall in connection with an attachment suit brought against them by Inland Finance Corporation. Hartford Accident and Indemnity Company, surety on the bond, was also made a party respondent, and certain relief was prayed against it. Respondents filed a motion to dismiss on the grounds that Relator's petition failed to state a claim upon which relief could be granted, and that the relief sought was not properly cognizable in said action. The trial court sustained this motion and plaintiff has appealed.

The petition alleged that on or about February 24, 1960, Inland Finance Corporation filed suit against Daniel Sumrall and James B. Sumrall on a promissory note, being Cause No. 46402–C in the Magistrate Court of the City of St. Louis; that defendants in said suit were nonresidents of the State of Missouri and could not be found; that during the month of November, 1961, at plaintiff's request, a Writ of Attachment was issued against certain personal property of the defendants, and one or more Constables of the City of St. Louis seized and took possession, under the Writ, of certain personal property of the defendants.

It was further alleged that on or about November 13, 1961, defendants filed in said Magistrate Court a bond upon which Hartford Accident and Indemnity Company was surety, in which bond defendants indemnified plaintiff in the sum of $600.00, and by reason thereof, defendants thereafter secured redelivery of the property to them from the Constables. We construe the foregoing allegations to mean that a bond was given pursuant to the provisions of Civil Rule 85.46, V.A.M.R.

The petition further alleged that on or about March 29, 1962, the case was assigned for trial before Magistrate Frank Felder, Respondent herein, who found in favor of Relator, Inland Finance Corporation and against defendant James B. Sumrall, in the sum of $466.51, and in favor of

said Inland Finance Corporation, and against the defendants on a counterclaim, which had been filed by defendants in said cause. It was further alleged that there was no appeal from the judgment and same became final on April 8, 1962; that on or about April 25, 1962, defendant Daniel Sumrall, filed a motion to dissolve the aforesaid bond; that a hearing was had on this motion on April 30, 1962, and on said date the Hon. Frank Felder entered an order dissolving the bond; that Magistrate Felder had no jurisdiction or power under the laws of the State of Missouri to enter said order and that the same was null and void.

The prayer of the petition was that a Writ of Certiorari issue to said Magistrate; that by an order of the Court he be required to show cause why the order of April 30, 1962, dissolving the bond, should not be held null and void; that Respondent Felder be required to enter an order rescinding his order of April 30, 1962; that Respondents be ordered to show cause why said bond should not be re-instated, and that Respondent Hartford Accident and Indemnity Company be ordered to show cause why it should not be held liable and to answer to execution on said bond.

 In Bauer v. Rutter, Mo.App., 256 S.W.2d 294, loc. cit. 295, we held that:

"Magistrate courts are inferior courts of limited jurisdiction possessing only those powers which are expressly granted by statute. State ex rel. and to Use of Berra v. Sestric, 349 Mo. 182, 159 S.W.2d 786. No presumptions or inferences will be invoked to enlarge their jurisdiction and they cannot assume or take powers by implication. State ex rel. Gordon v. Hopkins, 87 Mo. 519."

There is no provision in the Civil Code conferring jurisdiction upon Magistrate Courts to dissolve forthcoming bonds given by defendants in connection with attachment suits. Furthermore, under the

allegations of the petition for the Writ, the order dissolving the bond was entered thirty-two days after the judgment was rendered. If said allegation is true, and we must assume that it is true in testing the sufficiency of the petition to state a cause of action, respondent Felder acted beyond his power and in excess of his jurisdiction in entering the order in question. He had lost jurisdiction to enter any orders in the case, except as to executions, orders of revival and set-offs of judgments under the provisions of Section 517.750 RSMo 1959, V.A.M.S.

Certiorari is the proper remedy, when the court to which it is directed has no jurisdiction, or acts in excess of its jurisdiction. State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 14 S.W.2d 646.

In our opinion, the petition stated a cause of action in certiorari, and the trial court erred in sustaining Respondents' motion to dismiss. The judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

RUDDY, P. J., and WOLFE, J., concur.