STATE of Missouri ex rel. MODERN FINANCE COMPANY, a corporation, Relator, Appellant,

v.

Frank S. BLEDSOE, Judge, Division 8, Magistrate Court, City of St. Louis, State of Missouri, Respondent.

No. 32818.

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

Jack B. Schiff, Clayton, Hoffman & Shostak, Burton H. Shostak, St. Louis, for appellant.

Wilson Gray, St. Louis, for respondent.

TOWNSEND, Commissioner.

Relator's petition for certiorari, filed in the Circuit Court of the City of St. Louis, alleged that on August 9, 1965, relator obtained a judgment in the court of respondent against one Joe Partee, from which no appeal was taken and that such judgment became final, that on May 6, 1966 relator procured from respondent an execution on said judgment returnable August 8, 1966, and that the Sheriff of St. Louis County on petitioner's order served a writ of garnishment thereon upon Victory Construction Company, a corporation, returnable August 8, 1966, that on or about August 16, 1966, said Partee filed with respondent a document headed "Petition to Quash Execution and Garnishment and Motion for Restitution of Money Procured under Garnishment", that on September 6, 1966, respondent sustained Partee's petition to quash and ordered the garnishment released. Relator prayed the Circuit Court to issue a writ of certiorari directed to respondent, requiring him to certify a true, full and complete copy of the petition to quash, his rulings and orders thereon, and all other proceedings thereon or thereafter, in order that the court might adjudicate upon the legality of said proceedings. The prayer also included relator's request that respondent show cause why the above recited proceedings should not be held null and void and that the court enter its order rescinding respondent's orders, judgment and decree. Along with the application for certiorari relator filed its suggestions in support thereof. Relator contended therein that magistrate courts are inferior courts of limited jurisdiction, possessing only powers expressly granted by statute and that a magistrate court has no jurisdiction to exercise the power purported to have been exercised under the circumstances set out in the petition.

On September 16, 1966 the court entered the following memorandum and order: "Writ of certiorari ordered to issue to respondent, returnable with all records therein described returnable October 13, 1966 at 10 A. M. Respondent ordered to show cause on said date why his order of September 6, 1966 should not be held null and void, as prayed in relator's petition".

On October 13, 1966 the court approved the following memorandum and entered the same as an order: "Wilson Gray enters his appearance as attorney for respondent. Respondent makes no return to writ returnable this day and consents that the matter be submitted on the merits. Cause by consent submitted on pleadings and plaintiff's suggestions after Relator's memo in". The court entered his judgment and order on November 17, 1966 overruling "Petition of Relator Corporation for a writ of certiorari" for the reason that "this Court is without jurisdiction. Petition of Relator dismissed". Relator's motion for rehearing or a new trial having been overruled on December 21, 1966, this appeal followed.

The record before this Court on appeal does not include any statement by the Circuit Court of the grounds upon which it held that it was without jurisdiction in the premises.

■ "Under our procedure the office of the writ of certiorari is the same as at common law, and our courts may properly adopt the usages and principles applicable to the issuance of the writ as the same may have been developed under the common-law system, consistent, of course, with the

letter and spirit of existing statutes." State ex rel. Jacobs v. Trimble, 310 Mo. 150, 274 S.W. 1075, 1077.

■■ The common-law writ of certiorari embodies a command by a court addressed to an inferior tribunal. It directs that the record of a proceeding in the latter be forwarded to the issuing court. The function of the writ is to bring that record before the issuing court for the purpose of determining whether the inferior tribunal acted outside its jurisdiction or otherwise illegally, in situations where no appeal or other available mode of review is afforded, State ex rel. Kansas & T. Coal Ry. v. Shelton, 154 Mo. 670, 55 S.W. 1008, 1013, 50 L.R.A. 798, or where such other type of review is inadequate to meet the exigencies of the case. State ex rel. Hamilton v. Guinotte, 156 Mo. 513, 57 S.W. 281, 285, 50 L.R.A. 787.

■ The general jurisdiction of the circuit court in the area of certiorari is clear; by the Constitution of the State of Missouri it is established that "the supreme court, courts of appeal, and circuit courts shall have a general superintending control over all inferior courts and tribunals in their jurisdictions, and may issue and determine original remedial writs". (Art. V, Sec. 4, V.A.M.S.).

Such being the power generally of a circuit court we proceed to consider other facets of the case before the circuit judge to determine whether there is anything in the nature of certiorari or in the peculiar facts presented to the supervising judge which would negate jurisdiction in his court.

The deficiencies in the record presented to this court on appeal are so manifold that it is necessary to indulge in alternative assumptions of fact in order intelligently to pass upon the action of the trial court.

■ First, it is assumed that the writ issued; that is the reasonable inference that can be drawn from the recited facts,

namely, the order of the court directing the issuance of the writ "returnable October 13, 1966 with all records therein described" and the memorandum of respondent dated October 13, 1966 reciting that "Respondent makes no return to writ returnable this day". At this stage of the case we are not then concerned with a direct attack upon the petition as failing to state a cause of action; presumably the circuit court passed upon the question of whether or not the petition made out a prima facie case or else it would not have issued the writ. However, as the application for the writ is made ex parte, State ex rel. Powell v. Shocklee, 237 Mo. 460, 141 S.W. 614, the respondent is presented with alternative courses of conduct—(1) he may make return as commanded or (2) he may move to quash the writ before return has been made. State ex rel. Underwood v. Fraker, 168 Mo. 445, 68 S.W. 576. If he chooses the latter alternative, "A motion to dismiss or quash the writ for want of jurisdiction or right to relief prayed by the petition is in effect a demurrer, confessing all facts well pleaded, but searching the whole record * * *". State ex rel. and to Use of Berra v. Sestric, 349 Mo. 182, 159 S.W. 2d 786, 787; State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S.W.2d 713, 714, quoting 4 Houts Missouri Pleading and Practice, § 1400. In the absence of a motion to quash the writ, a respondent has no choice not to certify his record as ordered. In that posture of the case one looks only to the record to determine whether petitioner is entitled to the relief asked; there is then no occasion to refer to the allegations of the petition.

■■ The memorandum of the present respondent, filed in the circuit court and stating that he was making no return, hardly satisfies the conventional concept of a motion to quash the writ. The question then arises whether it can perform the function of a motion to quash, no matter how inartistically framed. The memorandum goes on to say that respondent consents that the matter be submitted on the merits.

In an excess of liberality we shall treat the memorandum as a motion to quash, although the record discloses no statement by the respondent of any asserted grounds for quashing. This "consent" and "submission"—if equated to a motion to quash—then impose upon the trial court the burden of fathoming the intentions of respondent. If respondent intended by his memorandum to attack the jurisdiction of the circuit court to issue the writ the Constitution of Missouri repels that assault. If respondent intended by his memorandum to raise the question of the right to relief under the allegations of the petition, he thereby raises, not a question of jurisdiction, but the problem of the possibility of error—that is, that the trial court erred in failing to follow the course of the common law. That the writ may have been imprudently issued does not necessarily denote anything more than error; it does not in and of itself connote lack of jurisdiction. Given jurisdiction of the subject-matter and the parties, certainly a trial court has the jurisdiction to commit error. Under this first assumption of fact the trial court erred in holding that it had no jurisdiction.

■ Next, we assume that the writ did not issue—because slightly more than a month after the return day the court entered its order overruling Petition of Relator Corporation for a Writ of Certiorari for lack of jurisdiction. If the writ had previously issued the appropriate order would have been one quashing the writ. Accordingly we treat the situation as one where, the writ not having been issued, the hearing before the court properly related only to the effectiveness of the petition to show a right to the writ. However the court did not rule upon the question of whether the petition stated a cause of action; the petition was "overruled for the reason this Court is without jurisdiction".

What was said above about the *distinction* between common-law error and lack of jurisdiction is again pertinent. We find nothing in the record which tends to negative the jurisdiction of the trial court to issue a writ of certiorari. It is unnecessary to repeat what has heretofore been said about the constitutional power of the circuit court to issue the writ. Hence it must be held that under the second assumption of fact the circuit court erred in holding that it had no jurisdiction.

We envisage the possibility (which cannot be determined here) that, when the trial court stated that it lacked jurisdiction, it may have been using the word "jurisdiction" in a false sense, albeit one not infrequently encountered, meaning that the case shown to the court did not conform to the precedents under which, according to the course of the common law, the writ would normally issue. If such was the restricted meaning which the trial court intended to give to its words we would then be presented with an entirely different kind of case.

The relator's reliance is placed upon the proposition that a magistrate court is utterly without jurisdiction to quash a writ of execution. Research shows that the predecessors of the magistrate courts,—i. e., justice of the peace courts, were of such limited competency as inferior tribunals that they possessed no jurisdiction to entertain a motion to quash an execution. Brownfield v. Thompson, 96 Mo.App. 340, 70 S.W. 378; Carr v. Pennsylvania R. Co., 108 Mo. App. 388, 83 S.W. 981, 982.[1] Upon the creation of the magistrate courts by the Constitution of 1945, it was provided therein:

"Until otherwise provided by law consistent with this constitution, the practice, procedure, administration and *ju-*

---

**I.** The limitations on the powers of the justice courts were thus expressed by the Supreme Court: "It is a familiar principle that justice courts are of statutory and limited jurisdiction not proceeding according to the course of the common law. They can take nothing by implication, but must show the power expressly given them in every instance." State ex rel. and to Use of Berra v. Sestric, 349 Mo. 182, 159 S.W.2d 786, 787.

*risdiction* of magistrate courts, and appeals therefrom, shall be as now provided by law for justices of the peace * * *." Article V, Section 20.

We have been apprised of no act of the legislature by which this constitutional provision relating to the jurisdiction of a magistrate has been modified.

■ The transition from the justice courts to the magistrate courts in applying the above constitutional provision is well exemplified in the decisions of this court where it has been held:

"Magistrate courts are inferior courts of limited jurisdiction possessing only those powers which are expressly granted by *statute*. No presumptions or inferences will be invoked to enlarge their jurisdiction and they cannot assume or take powers by implication." State ex rel. Inland Finance Corp. v. Felder, Mo. App., 370 S.W.2d 696, 697;[2] Bauer v. Rutter, Mo.App., 256 S.W.2d 294. (Emphasis throughout that of the writer).

■ However by its Rule 76.60, V.A.M.R., the Supreme Court has conferred upon a magistrate a conditional power to stay or quash an execution; the conditions upon the existence of that power are, inter alia, a petition therefor, reasonable notice to the opposite party and the posting by the petitioner of an approved recognizance. Until authoritatively advised otherwise, we assume that the enlargement in the power of the magistrate effected by Rule 76.60 falls within the category of change "otherwise provided by law" within the contemplation of Article V, Section 20 of the Constitution.[3]

As the record stands: the Circuit Court had jurisdiction. The problem presented to the Circuit Court was the question of the jurisdiction of the Magistrate Court in the antecedent proceeding. That question has never been answered. Treating the respondent's memorandum as a motion to quash the writ the trial court has never ruled upon it. Assuming the absence of a writ the trial court has not passed upon the question of whether or not relator's petition stated a cause of action. The trial court has simply denied its own jurisdiction.

It remains to note that the record does not disclose what transpired at the hearing before the circuit judge. Nor have we been indulged with a respondent's brief.

For the errors noted the judgment is reversed and the cause remanded to the Circuit Court for further proceedings consistent with this opinion, with leave to relator to amend its petition if so advised.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the cause remanded to the Circuit Court for further proceedings consistent with this opinion, with leave to relator to amend its petition if so advised.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

---

2. In this analogous case it was held that a magistrate court had no jurisdiction to dissolve a forthcoming bond in an attachment case.

3. Article V, Section 5 provides: "The supreme court may establish rules of practice and procedure for all courts. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal * * *."