**STATE ex rel. AUTO FINANCE COMPANY, a corporation, d/b/a Consumer Acceptance Company, Relator, Appellant,**

v.

**Honorable Oliver M. COLLINS, Magistrate, Division I, Magistrate Court, City of St. Louis, Respondent.**

**No. 33947.**

Missouri Court of Appeals,
St. Louis District.

June 20, 1972.

Jack B. Schiff, Clayton, Kramer, Chused & Kramer, Burton H. Shostak, Milton P. Goldfarb, St. Louis, for appellant.

Stein & Seigel, B. C. Drumm, Jr., St. Louis, for respondent.

SMITH, Judge.

This case reaches us upon appeal from the ruling of the circuit court denying relator's "Petition for Rule On the Magistrate." Auto Finance Company was the judgment creditor of Arthur L. and Opal Brown. In aid of execution Auto Finance caused a garnishment to be issued from the magistrate court and served against Cerro Corporation. Cerro filed its "motion to quash service of summons and to dismiss garnishment proceedings." This motion was based upon improper service of the garnishment upon Cerro. That motion was coupled with one requesting "Allowance of Compensation to Garnishee" which was a request for attorney's fees.

On May 14, 1970, the motion to quash was heard and sustained by respondent magistrate. The allowance motion was passed until May 25. On May 21, Auto Finance filed its petition for rule on the magistrate directed to the magistrate's action in quashing the service and dismissing the garnishment. The circuit court issued its order to show cause on the same date directing the respondent to certify the complete court file and ordering respondent to take no further action in the cause.

The record is silent as to when this order to show cause was served on respondent. On May 25, respondent sustained the garnishee's motion for compensation in the amount of $200 for attorney's fees. After respondent had filed his return, relator amended his petition for rule to include an attack on the allowance of attorney's fees. The trial court after hearing, denied relator's petition.

A rule on the magistrate is a proceeding to quash the record in magistrate court by writ of certiorari. It warrants the court in which the relief is sought to search the record to determine whether the lower tribunal has acted without jurisdiction. If it has the record must be quashed; if it has not the writ must be dissolved. State ex rel. Missouri Baptist Hospital v. Nangle, Mo.App., 230 S.W.2d 128 [1–5].

■ We turn first to the contention that the magistrate was without jurisdiction to quash the garnishment. Magistrate courts are courts of limited jurisdiction and they possess only the powers expressly granted them by law. No inference can be indulged to enlarge their jurisdiction. State v. Anderson, Mo., 413 S.W.2d 161 [2, 3]. By constitutional provision their practice, procedure, administration and jurisdiction is as was formerly provided for justices of the peace until otherwise provided by law. Mo.Const. Art. V., Sec. 20, V.A.M.S. Justices of the peace possessed no jurisdiction to entertain motions to quash an execution. State ex rel. Modern Finance Co. v. Bledsoe, Mo.App., 426 S. W.2d 737 [11]. The Supreme Court, however, under its rule making power[1] has enacted Civil Procedure Rule 76.60, V.A.M.R. That rule provides that upon compliance with certain conditions the magistrate court may entertain and decide motions to quash executions. Garnishment is a form of execution. The garnishee may not by his consent waive defects in service so as to confer jurisdiction over the res. State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App., 676, 293 S.W. 512 [12–17]. It follows that the garnishee can and should raise such defects by motion to quash. We conclude, therefore, that pursuant to Rule 76.60 the magistrate court has the jurisdiction to hear and decide a motion to quash a garnishment.[2] The record of the magistrate court does not affirmatively show any exercise of jurisdiction in regard to the motion to quash in excess of that which it possessed.

■ Certiorari is not a substitute for appeal and it reaches only to jurisdiction. State ex rel. Missouri Baptist Hospital v. Nangle, *supra,* [1–5]. The action of the magistrate court in sustaining the garnishee's motion to quash and dismiss was final and appealable. Flynn v. First National Safe Deposit Company, Mo., 284 S. W.2d 593 [4–7]. The magistrate court had the jurisdiction to make the ruling and if the ruling was erroneous it could be corrected on appeal. We therefore need not consider or discuss the asserted reasons why the magistrate quashed the garnishment.

■ The allowance of attorney's fees presents a different problem. Chapter 525 RSMo 1969, V.A.M.S., which governs garnishments, is divided into two parts. The first, containing §§ 525.010 through 525.310 relates to garnishments generally. The second, containing §§ 525.320 through 525.-480, deals specifically with garnishments in magistrate courts. In the first part there is provision for recovery by the garnishee from the plaintiff of a "sum sufficient to indemnify him for his time and expenses,

1. Mo.Const. Art. V., Sec. 5.

2. The dissent cites State v. Anderson, *supra,* as contrary to this holding. Anderson involved an addition of *substantive* jurisdiction by Rule, clearly prohibited by Art. V Sec. V, Mo.Const. Rule 76.60 is an expansion of *procedural* jurisdiction. Magistrate Courts have substantive jurisdiction over garnishments by statute. The procedure they must follow may be regulated by rule under Art. V, Sec. V, Mo. Const.

and reasonable attorney's fees . . . " where the plaintiff fails to recover judgment against the garnishee. Section 525.-240. No such provision appears in the second part of the chapter. Section 525.390 provides that the issues between plaintiff and garnishee shall be tried as ordinary issues between plaintiff and defendant "and *costs* may be adjudged for or against either party, as in ordinary actions." (Emphasis supplied). The rule in this state is that attorney's fees are not assessed as costs in ordinary actions except where provided by statute. Munday v. Thielecke, Mo., 290 S.W.2d 88 [6, 7]. The legislature has simply not provided for reimbursement of attorney's fees to a successful garnishee in a contested case in the magistrate court. That this was the legislative intention is demonstrated by the provisions of § 525.-400 which specifically make the provisions of §§ 525.220 and 525.230 applicable to magistrate court garnishments but make no reference to § 525.240. Section 525.230 permits recovery by a garnishee of "a reasonable allowance *for his trouble* and expenses in answering, to be paid out of the funds or proceeds of the property or effects confessed in his hands." But such recovery may be had only where the garnishee has by answer admitted possession of property or effects of the defendant. § 525.-220. There is no statutory (or rule) authority for a magistrate court to assess attorney's fees of a garnishee against an unsuccessful plaintiff in a garnishment proceeding. In the absence of such authority the magistrate court has no jurisdiction to make such order.

The two motions presented to the magistrate court and sustained by it sought different relief and were treated separately by the magistrate court. The rule sought from the circuit court was in two courts, each directed at a separate portion of the magistrate court record. The action of the trial court in refusing to quash that portion of the magistrate court record sustaining garnishee's "Motion to Quash Service of Summons and to Dismiss Garnishment Proceedings" was correct and is affirmed. The action of the trial court in refusing to quash that portion of the magistrate court record granting garnishee's "Petition for Allowance of Compensation to Garnishee" was erroneous and is reversed. The cause is remanded with directions to enter a *judgment quashing* that portion of the magistrate court record.

PER CURIAM:

The foregoing opinion by Smith, J., a commissioner when the case was submitted to the court, is adopted as the opinion of this court. Accordingly, the action of the trial court in refusing to quash that portion of the magistrate court record sustaining garnishee's "Motion to Quash Service of Summons and to Dismiss Garnishment Proceedings" is affirmed. The action of the trial court in refusing to quash that portion of the magistrate court record granting garnishee's "Petition for Allowance of Compensation to Garnishee" was erroneous and is reversed. The cause is remanded with directions to enter a judgment quashing that portion of the magistrate court record.

BRADY, C. J., dissents in separate opinion.

DOWD, J., and CAMPBELL, Special Judge, concur.

BRADY, Chief Judge (dissenting).

I respectfully dissent from *that portion* of the majority opinion which holds the magistrate court has jurisdiction to quash the garnishment here involved.

Justice of the peace courts—the predecessors of magistrate courts—were of limited competency and clearly possessed no jurisdiction to entertain a motion to quash an execution. Brownfield v. Thompson, 96 Mo.App. 340, 70 S.W. 378; Carr v. Pennsylvania R. Co., 108 Mo.App. 388, 83 S.W. 981. In State ex rel. and to Use of Berra

v. Sestric, 349 Mo. 182, 159 S.W.2d 786, 787, the limitations on the powers of the justice courts have been expressed by the Supreme Court as follows: "It is a familiar principle that justice courts are of statutory and limited jurisdiction not proceeding according to the course of the common law. They can take nothing by implication, *but must show the power expressly given them in every instance.*" (Emphasis supplied.)

When magistrate courts were created by the Constitution of 1945, it was provided in Article V, Section 20: "Until otherwise provided by law consistent with this constitution, the practice, procedure, administration *and jurisdiction of magistrate courts,* and appeals therefrom, *shall be as now provided by law for justices of the peace;* * * * ." (Emphasis supplied.) Thus it has been held that: "Magistrate courts are inferior courts of limited jurisdiction possessing only those powers which are expressly granted *by statute.* * * * No presumptions or inferences will be invoked *to enlarge their jurisdiction* and they cannot assume or take powers by implication." (Emphasis supplied.) Bauer v. Rutter, Mo.App., 256 S.W.2d 294, 295. Also quoted in State ex rel. Inland Finance Corp. v. Felder, Mo.App., 370 S.W.2d 696, 697.

The majority opinion relies upon Rule 76.60, V.A.M.R. to reach the result that magistrate courts have jurisdiction never possessed by justice of the peace courts. It is true that Rule 76.60 speaks of "any judge or magistrate" in the first part of the rule; however, at the end thereof, when granting authority to hear such matters, the rule speaks only of "such judge". It is further to be noted that the *statute* (§ 513.360, RSMo, V.A.M.S.) nowhere contains the word "magistrate". It refers only to a "judge". The purpose of the rule was obviously to carry out the provisions of the statute. That being so, a wording different from that of the statute cannot, in my opinion, constitute a sound basis for an enlargement of magistrate court jurisdiction.

The majority opinion cites State v. Anderson, Mo., 413 S.W.2d 161 [2, 3]. That case is diametrically opposed to the result reached in the majority opinion. It is in fact the strongest authority for this writer's dissent. *Anderson* involved the question whether the magistrate court had jurisdiction not only to record the default but also to enter the judgment against the surety for defendants charged with felonies. All the principles recited above dealing with the limited nature of magistrate court jurisdiction were restated in *Anderson.* The case is particularly pertinent in that at 1. c. 163[5] the court dealt with the argument here advanced; i.e., that by rule the jurisdiction of the magistrate court can be changed. It was there argued that Rule 32.12, V.A.M.R. was sufficient to confer jurisdiction upon the magistrate court to enter the judgment of forfeiture just as it is here contended Rule 76.60 confers jurisdiction upon the magistrate court to quash garnishments. In both cases the court did not have such jurisdiction under the Constitution or by statute. The opinion holds: " * * * That rule does appear to authorize the court in which the default occurs to enter judgment upon the security given for the appearance of the defendant. *However, that rule cannot enlarge the jurisdiction of the magistrate court, which must depend upon legislative enactment.* § 20, Art. V, Const. of Mo. 1945, V.A.M.S." (Emphasis supplied.) In *Anderson* the Supreme Court interpreted the language "[u]ntil otherwise provided by law" found in § 20, Art. V to mean legislative enactment, not Supreme Court rule. That case is binding upon this court. It follows that the magistrate court has no jurisdiction to quash an execution.

Since I deem the majority opinion and the opinion of this court in State ex rel. Modern Finance Co. v. Bledsoe, Mo.App., 426 S.W.2d 737, to be in conflict with the opinion of the Supreme Court in State v.

Anderson, *supra*. I hereby certify this case to the Supreme Court for its determination pursuant to the provisions of Article V, § 10 of the Constitution of Missouri (Rule 83.01).