**106**

UNITED STATES
v.
HACKETT et al.
No. 6867.

United States District Court
W. D. Missouri, W. D.
July 22, 1954.

See, also, 123 F.Supp. 104.

W. B. Ennis and Gene Martin, Kansas City, Mo., for judgment creditors.

Filbert Munoz, Kansas City, Mo., for defendants.

WHITTAKER, District Judge.

From a judgment entered by this Court, on April 22, 1953, against the defendants, an execution was issued on December 3, 1953, from which, and in aid of which, garnishments were caused to be served by the marshal upon various tenants of defendants, attaching and impounding rents owing by those garnishees to the defendants.

Responsive to those garnishments, the garnishees, seven in number, have filed answers in this Court acknowledging rental indebtedness to defendant, Genevieve Hackett, in the aggregate amount of $735 (of which $455 has been paid into the registry of the court, pursuant to order of the Court of May 21, 1954, by the following garnishees and in the following amounts: Edgar Inman, $175, Mrs. Lena Peake, $140, and Eugene and Mona Howard, $140) and acknowledging rental indebtedness to the defendant, Mary Agnes Hackett, in the amount of $140 (by garnishee Mrs. Marjorie Reed).

● The defendant, Mary Agnes Hackett, alone, has now filed herein her claim and affidavit for exemption from said execu-

tion of all but ten percent of the first $300 of the rents owing to her and impounded by said garnishments ($140 answered, as stated, by garnishee Marjorie Reed), under Section 513.440 RSMo 1949, V.A.M.S., in lieu of the property mentioned in the first and second subdivisions of Section 513.435 RSMo 1949, V.A.M.S., and as "Wages * * * for the last 30 days service", under Section 525.030 RSMo 1949, V.A.M.S.

■ By virtue of Rule 69 of Federal Rules of Civil Procedure, 28 U.S.C.A., the procedures on execution of a judgment of a Federal Court are those that accord with the practice and procedures of the state in which the Federal Court is held. Those procedures have been, and are being, followed here.

■ In the first place, it is clear that the property of the defendant, Mary Agnes Hackett, which has been seized under these garnishments is the $140 answered as owing to that defendant by garnishee Marjorie Reed (which, by the way, has not been paid into the registry of the court) and it is rents, not wages, and, therefore, Section 525.030 RSMo 1949, V.A.M.S., has nothing to do with the point.

■ Section 513.440 RSMo 1949, V.A.M.S., provides that a "head of a family" may, in lieu of the property mentioned in the first and second subdivisions of Section 513.435 RSMo 1949, V.A.M.S., "select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars, except ten per cent of any debt, income, salary or wages due such head of a family." The rent answered by garnishee Marjorie Reed to be owing by her to the defendant, Mary Agnes Hackett, in the amount of $140 constitutes both "property" and "debts", within the meaning of said section.

■ The question is whether the claim and affidavit for exemption filed herein by the defendant, Mary Agnes Hackett, sufficiently shows that she is the "head of a family." By way of conclusion her affidavit recites that she is "head of a family"; but the only ultimate facts recited in her affidavit that shed any light upon the matter are that she "resides (at 3138 Broadway, Kansas City, Missouri) with her two sisters, to-wit: "Genevieve Hackett and Eugenia Hackett" and that "she contributes to their support". Strictly, this is not sufficient to establish the status of "head of a family", and, hence, is not strictly sufficient to entitle her to the exemption which she claims; but, in view of the fact that garnishees, other than Marjorie Reed, have answered indebtedness to the other judgment defendant, Genevieve Hackett, and have paid into the registry of the court, more than the amount of the execution now outstanding, plus interest and costs, I regard the matter of the exemptions claimed by the defendant, Mary Agnes Hackett, in respect of the indebtedness of $140 answered as owing to her by garnishee Marjorie Reed, to be moot—at least of no practical significance to the present situation—and I, therefore, sustain her claim to exemption of 90 percent of the rental indebtedness of $140 answered as owing to her by garnishee Marjorie Reed.

It is therefore ordered and adjudged by the Court that the claim and affidavit of defendant, Mary Agnes Hackett, for exemption of 90 percent of the $140 rental indebtedness answered herein as owing to her by garnishee Marjorie Reed be, and it is hereby, sustained and said Marjorie Reed is hereby ordered to pay into the registry of this court 10 percent of said $140 or the sum of $14, and thereupon stand discharged from the consequences and effect of the garnishment heretofore served upon her herein.