Randy DUNN, et al.,
Plaintiffs-Respondents,

v.

BEMOR PETROLEUM, et al.,
Defendants,

Miller Elevator Company,
Garnishee-Appellant.

No. 68814.

Supreme Court of Missouri,
En Banc.

Sept. 15, 1987.

Rehearing Denied Oct. 13, 1987.

John J. Campbell, David L. Campbell, St. Louis, for garnishee-appellant.

Michael D. Hart, St. Louis, for plaintiffs-respondents.

RENDLEN, Judge.

Miller Elevator Company (Miller), garnishee, appeals from an order granting garnishor's motion for summary judgment. We reverse and remand.

Randy Dunn (Dunn) obtained judgment against Bemor Petroleum (Bemor) and Harrell Brannan (Brannan)[1] and thereafter ex-

1. Bemor Petroleum and Brannan were named defendants in the underlying action; however,

ecution issued as to Brannan bearing the return date July 26, 1985. Dunn then directed issuance of garnishment in aid of execution summoning Miller as garnishee on April 8, 1985 and subsequently propounded interrogatories to Miller, which were answered by Brannan as Miller's registered agent, July 25, 1985.

Responding to Dunn's interrogatory which inquired whether Miller was "in any wise indebted to any defendant," Miller answered "No." In his exceptions to that answer Dunn insisted Miller must in fact owe Brannan something in as much as Brannan was "the President, main stockholder and an employee of Miller Elevator Company" and prayed judgment against Miller for the entire amount due on the original judgment or, alternatively, judgment for all monies Miller owed Brannan.

Replying to those exceptions, Miller admitted Brannan was its President and "a shareholder" but denied he had been an employee during the period covered by the garnishment. Miller asserted further that no fees or dividends were owed Brannan during the period relevant to the garnishment proceedings. On the other hand, Miller conceded $814.63 had been paid Brannan during that period as reimbursement for "expenses advanced"[2] but contended the "expenses advanced" did not constitute a "debt" owed Brannan prior to commencement of the garnishment action. Miller argued in addition that if the amounts paid Brannan were subject to garnishment, only 10% of such payments could be withheld under the terms of § 525.030.2(c).[3]

The trial court awarded Dunn summary judgment for $814.63, allocating $75.00 thereof as Miller's attorney's fees, and the Missouri Court of Appeals affirmed. Transfer was granted and we decide the cause as though on original appeal. Mo. Const. art. V, § 10.

Miller argues that § 525.030 prohibits garnishment of more than 10% of the $814.63 owed Brannan and the court erred in not allowing this statutory exemption. Section 525.030.2(c) provides in relevant part:

> The maximum part of the aggregate *earnings* of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed ... if the employee is the head of a family and a resident of this state, ten percentum....

(Emphasis added.) It should be noted that the exemption could only be invoked if the money owed to Brannan constituted "earnings" and that term is defined in § 525.030 as:

> Compensation paid or payable for *personal services*, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(Emphasis added.) Hence the exemption was available only if the indebtedness to Brannan was incurred for "personal services" furnished by Brannan.

■ According to averments in the pleadings, the money paid Brannan was reimbursement for expenses, and in the absence of evidence indicating more than repayment of sums laid out for expenses we are unable to conclude that the money was remuneration for "personal services." Thus the money paid Brannan did not constitute "earnings" within the meaning of the statute and accordingly Miller may not claim the protection which might otherwise be afforded by § 525.030.2(c).

Miller next contends that the judgment debtor was entitled to invoke the protection

---

the relationship between Bemor and Brannan cannot be discerned from the record before us.

**2.** Dunn's subsequent motion for partial summary judgment asserted Miller admitted that April 8, 1985 through June 26, 1985 constituted the term of the garnishment, and Miller's response did not dispute that assertion. Additionally, the

motion states that Brannan was paid $364.63 on April 15, 1985 and $450.00 on June 20, 1985; those payments, "[a]ccording to the annotation on the check[s], ... were for expense reimbursement."

**3.** All statutory references are to Missouri Revised Statutes 1986 unless indicated otherwise.

of the exemption found in § 513.440,[4] which provides that each head of a family may

> select and hold, *exempt from execution, any other property*, real, personal or mixed, or *debts* and wages, not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years, except ten percent of any debt, income, salary or wages due such head of a family.

(Emphasis added.)

Dunn questions the applicability of § 513.440 to garnishments and emphasizes that "the process issued was a garnishment to a third person, Miller Elevator Company, not an execution directed to the sheriff to take the assets of the debtor from the debtor himself." This argument, however, misperceives the nature of garnishment in aid of execution.

■ "Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect the judgment by reaching the defendant's property in the hands of a third party." *State ex rel. Eagle Bank & Trust v. Corcoran,* 659 S.W.2d 775, 777 (Mo. banc 1983). A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment. *Flynn v. Janssen,* 284 S.W.2d 421, 422 (Mo.1955); *Cody v. Packe,* 703 S.W.2d 559, 560 (Mo. App.1985). It would therefore be anomalous to hold § 513.440 is inapplicable to garnishment *in aid of execution* and that property which is exempt from execution under that statute may be levied upon simply by utilizing the ancillary garnishment process. Indeed, the applicability of

§ 513.440 to garnishment proceedings is recognized in *United States v. Hackett,* 123 F.Supp. 106 (W.D.Mo.1954), a case in which the garnishor sought to garnish rent payments owed the judgment debtor. There it was stated: "The rent answered by garnishee Marjorie Reed to be owing by her to the defendant, Mary Agnes Hackett, in the amount of $140 constitutes both 'property' and 'debts', within the meaning of [§ 513.440]." *Id.* at 107. We believe the exemption provided in § 513.440 may be asserted in the instance here.[5]

■ The remaining question to be resolved, with respect to § 513.440, is whether the funds owed to Brannan may be properly characterized as a "debt." It is axiomatic that words used in a statute must be accorded their plain and ordinary meaning. *State v. Burnau,* 642 S.W.2d 621, 623 (Mo. banc 1982). The word "debt" is defined in Black's Law Dictionary 363 (5th ed. 1979) as "[a] sum of money due by certain and express agreement," and in Webster's New World Dictionary 364 (2nd college ed. 1976) as "1. something owed by one person to another...." It appears from the pleadings that Miller was obligated by its agreement with Brannan to reimburse him for expenses incurred in his capacity as president of Miller and that Brannan expected to be, and was in this case, reimbursed for "expenses advanced" to the company in the amount of $814.63 during the effective period of the garnishment. In light of the commonly accepted meaning of "debt" and the circumstances indicated by the pleadings, we believe Miller's liability for reimbursement of expenses pursuant to the contract in this case, like the rent payments in *Hackett,* constituted a "debt"

---

4. In the trial court, Brannan submitted an affidavit wherein he asserted that he was "the head of a household [who] is entitled to all exemptions provided by statue; [sic] and that he has 1 unmarried children [sic] under the age of 18 years." For the first time on appeal, Miller specifically argues that the exemption contained in § 513.440 is applicable in this cause. Although the affidavit is hardly a model of clarity and specificity, we decline to decide this case on the basis of perceived deficiencies in Brannan's attempt to assert his right to the exemption in question.

5. The garnishment statute, as previously discussed, has a provision establishing a ceiling on the amount of wages which may be garnished. Section 525.030.2. However, we believe that statute reflects a special concern with burdensome garnishments of wages, protection of employment, and avoidance of bankruptcies, *see Gerry Elson Agency, Inc. v. Muck,* 509 S.W.2d 750, 752 (Mo.App.1974), and not an intent to limit exemptions available in garnishment proceedings.

within the meaning of § 513.440.[6] Hence the court's denial of the exemption claimed under that statute was erroneous.

The final point for our consideration involves Miller's counsel's contention that the allowance of only $75.00 for his fees constituted an abuse of discretion. Counsel filed an affidavit in which he stated that he had "expended in excess of 5 hours" in his representation of Miller and that $650.00 would be a reasonable fee for such service.

■ In Missouri, absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorney fees. *Mayor, Councilmen, & Citizens of the City of Liberty v. Beard,* 636 S.W.2d 330, 31 (Mo. banc 1982); *State ex rel. Auto Finance Co. v. Collins,* 482 S.W.2d 529, 532 (Mo.App. 1972). Under Rule 90.18(a)[7] and § 525.-220, read in conjunction with § 525.230,[8] a garnishee may recover a reasonable amount for expenses incurred in answering, including attorney fees, "[i]f by an-

swer, *not excepted to or denied,* it appears that the garnishee has property subject to garnishment...." Rule 90.18(a) (emphasis added). However, the garnishee's answer in this case *was* excepted to, and it therefore may not recover attorney fees under Rule 90.18(a) or § 525.230.

■ A garnishee may in some cases obtain an allowance for attorney fees under Rule 90.18(b)[9] or § 525.240,[10] however, a condition precedent to a garnishee recovering his costs and attorney's fees under either Rule 90.18(b) or § 525.240 is the failure of the garnishor to recover judgment against the garnishee. *Landmark Bank of Ladue v. General Grocer Co.,* 680 S.W.2d 949, 955 (Mo.App.1984). Although it appears his recovery will be diminished by the amount of the exemption, Dunn, as garnishor, has been and remains successful in obtaining judgment against the garnishee, and there was no statutory authority for the trial court to award Miller attorney fees; therefore, the court lacked juris-

6. It is not clear from the record exactly when the "debt" was incurred; however, the reimbursement was apparently made during the effective period of the garnishment. Section 525.-260 provides that "[d]ebts not yet due to the defendant *may be attached,* but no execution shall be awarded against the garnishee for debts *until they shall become due.*" (Emphasis added.) In this case the record indicates that the debt, regardless of when it was incurred, became due during the garnishment period and therefore was properly garnished. *See Weiner v. Shredded Steel Products, Inc.,* 334 S.W.2d 390, 393 (Mo.App.1960).

7. Rule 90.18(a) provides:
   Allowance to Garnishee if Answer Is Not Excepted to or Denied. If by answer, *not excepted to or denied,* it appears that the garnishee has property subject to garnishment, the court shall allow the garnishee a reasonable amount for his trouble and expense in answering, including attorney's fees, to be paid out of the funds or proceeds of the property subject to garnishment. (Emphasis added.)

8. Sections 525.220 and 525.230 provide:
   525.220. If answer admits effects or indebtedness, proceedings.—If, *by the answer, not excepted to or denied,* it shall appear that the garnishee is possessed of property or effects of the defendant, or is indebted to the defendant, the same proceedings may be had to ascertain the value of such property or

effects, or amount of such indebtedness, and to render and enforce a judgment therefor, as is provided in section 525.200.
   525.230. Allowance in such case to garnishee.—*In such case,* the court shall make the garnishee a reasonable allowance for his trouble and expenses in answering, to be paid out of the funds or proceeds of the property or effects confessed in his hands. (Emphasis added.)

9. Rule 90.18(b) provides:
   If a garnishor does not recover judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor. The court in such case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify him for his time and expenses, including attorney's fees.

10. Section 525.240 provides:
   If any plaintiff in attachment shall cause any person to be summoned as garnishee, and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff, and the court shall render judgment in favor of such garnishee, against the plaintiff, for a sum sufficient to indemnify him for his time and expenses, and reasonable attorney's fees, in attending and answering and defending in subsequent proceedings as garnishee.

diction to make its order. *Collins,* 482 S.W.2d at 532.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.